W. R. SMITH, *Appellee*, v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

No. 18,364.

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Shops and Terminal Facilities —Measure of Damages*. When the right of way for a railroad has been previously appropriated and paid for by the corporation, and thereafter additional lands are appropriated by the corporation for shop grounds and terminal facilities, the provision of section 4 of article 12 of the constitution of Kansas, that compensation shall be made "irrespective of any benefit from any improvement proposed by such corporation," does not apply to the compensation to be paid for such additional grounds.

2. ——— *Same*. In such case no allowance should be made as damages to adjacent lands not taken unless such lands are reduced in value by the taking of the land appropriated or the use to be made thereof.

3. ——— *Interest Allowed from Time Land Was Appropriated*. In such case where an appeal is taken from the award of damages to the district court and the case therein is tried to a jury, the jury should compute and allow interest at the rate of six per cent on the amount determined upon as damages from the time of the appropriation of the land, and include the same in their verdict.

4. ——— *Same*. When in such case it clearly appears from the findings of the jury that no interest has been included in their

verdict, and it also clearly appears from such findings, from the admission of the party to be charged or other incontrovertible evidence, from what date interest should be allowed, the court may compute the interest and include it in the judgment.

Appeal from Barton district court; CHARLES E. LOBDELL, judge *pro tem.* Opinion filed November 8, 1913. Modified.

*W. P. Waggener, J. M. Challiss,* both of Atchison, and *Clyde Allphin,* of Great Bend, for the appellant.

*William Osmond,* and *Elrick C. Cole,* both of Great Bend, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant railway company in May, 1910, secured the condemnation of a tract of land, containing four and one-half acres, belonging to the appellee and situate near the town of Hoisington, Barton county. The land was taken for shop grounds and terminal facilities. In July following the appellant also secured for the same purpose the condemnation of two additional tracts in one proceeding, the two aggregating one and sixty-one one-hundredths acres, belonging to the appellee.

The appellee, being dissatisfied with the award of damages in such condemnation proceedings, appealed from both awards to the district court. When the cases came on for trial therein they were consolidated and tried as one, the jury being required to return separate verdicts. On March 13, 1912, the jury returned the verdicts and answers to special questions submitted. The first verdict awarded the appellee, as damages, $2531.25 for the land first condemned. The second verdict awarded appellee damages in the sum of $700 by reason of the second condemnation. In answer to special questions, the jury found that each of the three tracts of land condemned was of the value of $225 per

Smith v. Railway Co.

acre at the time of the condemnation, making $2531.25 for the large tract, and $362.25 for the two smaller ones. They also found that appellee's land that was not taken was more valuable after the taking of the condemned land than it was before such taking. The jury, however, allowed the appellee, as damages to his land not taken, the sum of $337.75. The appellant filed a motion for a new trial, and also a motion to conform the general verdict to accord with the special findings by reducing the general verdict in the sum of $337.75, being the amount allowed in the general verdict as damages to the land not taken. The motion to reduce the general verdict was overruled by the court, and thereupon the appellant, by leave of court, withdrew its motion for new trial.

Thereafter, during the same term of court, the matter came on for further consideration upon the demand of appellee that the damages awarded should bear interest from the time of the taking of the land in controversy. The appellant objected thereto and the court took the matter under advisement until April 26, 1912, during the same term, when the court awarded judgment in favor of the appellee in the sum of $2893.50 as damages to the land taken, and $337.75 as damages to the land not taken, together with interest on the aggregate judgment at the rate of six per cent from July 9, 1910, the date upon which the appellant made deposit with the county treasurer under the award of the commissioners, to the date of the rendition of the judgment, the interest amounting to $367.36, and for the costs of the action.

In its appeal here the appellant assigns two grounds of error, viz.: the allowing of damages to the land not taken, and the allowance of interest.

Section 4 of article 12 of the constitution of Kansas reads:

"No right-of-way shall be appropriated to the use of any corporation until full compensation therefor be

first made in money, or secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation."

The term "right-of-way," as used in this section of the constitution, means the strip of land ordinarily condemned or acquired by railroad companies for the building and maintaining of grades and the ties and rails thereon constituting the railroad track. Section 1800 of the General Statutes of 1909 may be said to be the legislative definition of the term, and is, in substance, a route for a proposed railroad along the line of such proposed railroad, as located by the company, not exceeding one hundred feet in width, except (when) for the purposes of cuttings and embankments, it shall be necessary to take more for the proper construction and security of the road.

The provision in this section for the condemnation of such other land as may be deemed necessary for sidetracks, depots, work shops, water stations, etc., seems to be a separate provision. The power to acquire rights under the latter provision is a continuing one and may be exercised whenever the business of the railroad company renders such further acquirement necessary. (*C. B. U. P. Rld. Co. v. A. T. & S. F. Rld. Co.*, 26 Kan. 669.)

We conclude, therefore, that lands acquired by eminent domain proceedings for sidetracks, depots, workshops, etc., unless included in the one hundred-foot strip provided for are no part of the right of way of the railroad company as that term is used in the constitutional provision. It follows that damages assessed for the condemnation of land for workshops and terminal facilities is to be paid for as lands condemned for mill sites and other semipublic purposes, to wit, the value of the land taken and actual damages to lands not taken, resulting from the taking of the land condemned or the use to be made thereof. For instance, if a part of a building lot in a city or town should be

Smith v. Railway Co.

taken in such a way as to leave the portion remaining of no practical value, the value of the lot before being taken may be the proper measure of damage. If, however, as the jury find in this case, land not taken was of greater value after than immediately before the taking of the adjacent portion, no recovery for damages to the land not taken should be allowed. The court erred in rendering judgment for the damages to the land not taken. (*Harding v. Funk,* 8 Kan. 315.) In *Tobie v. Comm'rs of Brown Co.,* 20 Kan. 14, the increased value of lands not taken in a proceeding condemning land for a public highway, being the direct and special result of the laying out of the road, is held to be a proper set-off to reduce the damages of the landowner. (See, also, *Comm'rs of Pottawatomie Co. v. O'Sullivan,* 17 Kan. 58, and *Roberts v. Comm'rs of Brown Co.,* 21 Kan. 247.)

The second alleged ground of error is that the court erred in awarding appellee interest from the date of the deposit of money to pay for the land condemned to the date of the judgment. It is conceded by appellant that if appellee had asked for interest and the evidence made it definite for what time the interest should be computed, that the appellee was entitled to interest at the rate of six per cent for such time. It is insisted, however, that if appellee was entitled to interest, the jury should have computed the interest and included the amount thereof in its verdict as part of the damages; or, if the jury had found the dates between which interest was recoverable and the court had nothing to do but compute the amount, the court might properly have made the computation and included the amount in the judgment.

There were no pleadings in this case and hence the trial was rather informal; but it is urged that the attorney for appellee, if interest was desired, should have so stated in his opening statement to the jury, and it is asserted that no claim for interest was made in the

opening statement or during the trial. The appellant's abstract of the proceedings does not affirmatively show that any opening statement was made or that any argument was made to the jury by appellee's attorneys. Opening statements are usually confined to the facts the attorney expects to prove and after the introduction of the evidence and giving of instructions the arguments of counsel are intended to assist the jury in arriving at a proper verdict in accordance therewith. It is also said there was no request for an instruction regarding interest and no mention of the subject in the instructions given.

The verdicts returned by the jury, with the answers to the special questions, affirmatively show that the jury did not include any interest in either verdict. The appellee was clearly entitled to interest and the deposit made by the appellant fixed the date of the appropriation of the land. From that date interest should have been computed. The date was fixed by the record and was not in dispute. Although the manner of determining the amount of interest recoverable was irregular, it is clear that appellant was not prejudiced thereby and the case will not be remanded by reason of the irregularity.

It is therefore ordered that the judgment be modified as follows: the amount allowed by the jury, viz.: $337.75, for damages to the land not taken, is to be deducted from the sum of the two verdicts; interest is to be computed on the remainder thus obtained at the rate of six per cent from the date of the deposit to the date of the rendition of the judgment and the interest added to such remainder, and judgment is to be rendered for such sum as of the date of the judgment appealed from, and this judgment should bear interest. Judgment should also be rendered against the appellant for the costs of the action. The costs in this court will be equally divided.