No. 22,547.

O. B. MANROSS, *Appellee*, v. THE UNCLE SAM OIL COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Servant Wrongfully Discharged—Measure of Damages—Pleadings—Instructions.* Where an employee who was discharged before the expiration of the term of his employment recovers of his employer what his salary would have amounted to less what he was able to earn during the remainder of the period, the judgment being based upon a verdict which necessarily implies a finding, after a full and fair hearing of the issue, that the discharge was wrongful, a reversal will not be ordered because the petition did not allege that fact, or because in the instructions language was used indicating the adoption of the theory of constructive service, even as-suming that theory to be unsound.

2. SAME—*Amount of Recovery—Computation.* The amount of recovery in case of a finding in favor of the plaintiff upon the issue referred to, held to have been a matter of computation, properly determined by the trial court.

3. SAME—*Interest Allowed on Amount of Recovery.* Where there is no
real controversy over the amount of recovery, and the verdict ex-
pressly excludes interest, a judgment will not be reversed because of
an addition on that account made by the court.

Appeal from Wyandotte district court, division No. 3;
WILLIAM H. McCAMISH, judge. Opinion filed June 5, 1920.
Affirmed.

*J. H. Brady,* and *Arthur J. Mellott,* both of Kansas City, for
the appellant.

*James F. Getty,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: On August 1, 1910, O. B. Manross was em-
ployed by the Uncle Sam Oil Company for one year at a salary
of $2,050, payable $150 on the first days of September and
October, and $175 a month thereafter. On October 14 he was
discharged. In November, 1910, he brought an action against
the company for $175 as his compensation for the month of
October. He recovered a judgment for that amount, which was
reversed in December, 1912, because of the omission of an in-
struction to the effect that the general manager of the com-
pany had authority to discharge the plaintiff, if sufficient
cause existed, and in that case he could recover only what
was due him at the time of his discharge. (*Manross v. Oil
Co.,* 88 Kan. 237, 128 Pac. 385.) In June, 1916, the plaintiff
amended his petition so as to claim a recovery for $2,212.50,
being the full amount of the agreed salary, with interest, less
what he had been paid. He was given judgment for that sum,
with interest, less what he testified he had been able to earn
at other employment during the remainder of the year,
amounting to $648. The defendant appeals.

1. The petition after setting out the contract of employ-
ment alleged that the plaintiff had at all times been ready to
perform the services required of him thereunder, and had per-
formed them so far as permitted by the defendant. Under
various assignments of error the defendant urges that no
recovery should have been permitted as compensation for con-
structive services because the theory on which such a recovery
has sometimes been allowed is unsound and is not, and ought

not to be, recognized in this jurisdiction; and that no recovery should have been permitted as damages for the breach of contract because that was not pleaded—the petition not alleging a wrongful discharge.

The common-law doctrine of "constructive service," by which an employee wrongfully discharged is permitted to recover wages as such for the period subsequent to his discharge, being founded on fiction, has not been widely accepted in this country, the remedy of an action for damages for a breach of the contract being regarded as adequate and more in keeping with the modern tendency to conform the pleadings to the actual facts. (Notes, 5 L. R. A., n. s., 439, and 6 L. R. A., n. s., 50.) The constructive-service theory appears to have received some recognition in this state (*James v. Parsons,* 70 Kan. 156, 158, 78 Pac. 438), but its soundness need not be passed upon in this case. The defendant in the opening statement on its behalf admitted the validity of the contract of employment, asserted that the plaintiff was discharged for incompetency and insubordination, and "elected to submit the case upon that issue." The vital controversy between the parties was whether the plaintiff was discharged wrongfully or rightfully. That question was fairly submitted under an instruction (of which the defendant complains) that it was all the jury had to determine. The measure of recovery applied by the court was the amount of the unpaid salary less what the plaintiff testified that he had been able to earn at other work after his discharge, during the remainder of the year covered by his contract. This did no injustice to the defendant, whether the amount awarded be regarded as damages for the breach of the contract, or as compensation for constructive service. Whether or not the petition was defective in not alleging that the plaintiff had been wrongfully discharged, no prejudice could possibly have resulted to the defendant from the omission, and it would be manifestly unjust to reverse the judgment by reason thereof.

The jury were told that they might return a verdict for the plaintiff if they should find that he had carried out his part of the contract so far as permitted, and was ready, willing and able to finish it according to its terms. This instruction is objected to as adopting the common-law doctrine referred to.

Considered in connection with that previously stated, it amounted to no more than saying that the plaintiff's claim was valid if the fact that he did not perform the services for which he was employed was due, not to any fault on his part, but to the action of his employer—in other words, that his discharge, which the parties agreed had taken place, was wrongful. The verdict necessarily implied a finding that the defendant wrongfully discharged the plaintiff, and that being true, the objections made to it lack substance; they concern matters of procedure having no relation to the fair determination of the essential issue of fact upon which the rights of the parties depended.

2. An instruction was given to the effect that the amount of recovery was not in dispute—that if the plaintiff was found to have been wrongfully discharged he was entitled to the salary promised him, less what he had been paid and what he testified he had been able to earn. The defendant complains of this as invading the province of the jury. The plaintiff's testimony as to what he had earned and that it was all he was able to earn during the remainder of the year after his discharge, was uncontradicted. The cross-examination developed nothing to discredit it, and the defendant introduced no evidence on the subject. There was no occasion to submit the matter to the jury, for if that had been done, and a larger allowance had been made for the possible earnings of the plaintiff, the verdict could have been set aside as without support. (*Hollicke v. Railway Co.*, 99 Kan. 261, 161 Pac. 594.)

3. The amount of recovery indicated by the court and adopted by the jury included no allowance for interest, the verdict explicitly so stating. The court in rendering judgment corrected the omission, and complaint is made on that account. There was no real controversy of fact as to the amount of recovery, and the addition of the interest by the court is not a ground of reversal. (*Smith v. Railway Co.*, 90 Kan. 757, 136 Pac. 253.)

The judgment is affirmed.