No. 22,692.

JOHN CURRANT, *Appellee*, v. FRED LENGER, *Appellant*.

SYLLABUS BY THE COURT.

1. ACTION FOR WAGES—*Conflicting Evidence—Findings Conclusive*. Rule followed that a verdict and judgment based on controverted evidence end all dispute touching the facts in a lawsuit.

2. ASSIGNED ACCOUNT—*Assignee May Maintain Action Thereon*  A person to whom an account for wages has been assigned may maintain an action on the account, and it is immaterial whether the assignee has paid for the account or not.

3. ACTION FOR WAGES—*Interest Allowable After Demand*. In an action for wages and to recover for money paid out at the behest of a defendant and for his benefit, it is not error for the court to instruct the jury that if they find for the plaintiff, they should allow him interest from the date demand for payment was admittedly made.

4. TRIAL. Instructions examined, and no error discerned therein.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed June 5, 1920. Affirmed.

*Robert Garvin,* and *Ray H. Beals,* both of St. John, for the appellant.

*Paul R. Nagle,* and *Harry T. Gray,* both of St. John, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued the defendant for laborer's wages, materials furnished, and for services in caring for defendant's horses. He also sued for wages due two other laborers who had assigned to him their accounts against defendant.

The cause was tried before a justice of the peace, and appealed to the district court.

The plaintiff's evidence tended to show that in February, 1918, the defendant employed plaintiff to chop trees, at an agreed wage of $3 per day, and that pursuant thereto plaintiff worked for defendant some sixty-four days. It also tended to show that defendant had authorized plaintiff to purchase $6.60 worth of window glass and some wire. It was also shown by plaintiff's evidence that defendant promised "to

make it right with" plaintiff if the latter would look after defendant's horses, and that pursuant thereto plaintiff cared for seven head of horses, fed them and pumped water for them for one hundred and fourteen days, and that such service was worth "a dollar a day." Plaintiff also showed that one John Carey and one B. E. Carey had worked for defendant for a number of days, and that they had assigned their wage accounts to him.

Defendant's evidence tended to show that while he had offered plaintiff thirty cents per hour to cut wood, and that the two Careys worked for him some days at that price, all three of these laborers had later made a counter proposition to chop the trees for the wood—"they would take the wood for the chopping, so that they could go to work and sell it and get the money." They did so, according to defendant, and he owed them nothing for labor, and had paid them for wood which they had delivered to him. Touching the care of the horses, defendant testified that plaintiff agreed to do that for the use of the horses. Militating somewhat against the force of defendant's evidence was his admission that he gave plaintiff some "credit on the wood chopping."

Other details of the evidence need not be narrated.

Verdict and judgment for $144.38 were rendered against defendant, and he appeals.

This is simply another case of disputed facts—a dispute terminated by the jury's verdict and the trial court's approval of that verdict. (*Bruington v. Wagoner*, 100 Kan. 439, 164 Pac. 1057.)

It is immaterial that plaintiff may have paid nothing for the Careys' accounts. That they were duly assigned to him is not denied, and he could maintain an action to collect them. (Civ. Code, §§ 25, 26; see, also, *Stanley v. Penny*, 75 Kan. 179, 182, 88 Pac. 875; *Shannon v. Abrams*, 98 Kan. 26, 29, 157 Pac. 449; *Lower v. Shorthill*, 103 Kan. 534, 538, 176 Pac. 107.)

It is contended that the trial court erred in instructing the jury that if they found for the plaintiff they should allow him legal interest on the amount found due from October 3, 1918. Defendant admitted that on that date plaintiff had made a demand on him for payment. Since there can be no doubt that the money was then due from defendant, interest was

properly computed from that date. (*Smith Bros. v. Hanson,* 106 Kan. 32, 187 Pac. 262.)

Complaint is made of some of the other instructions. These have been examined. As a whole they were rather extensive but not inaccurate statements of elementary law, formulated with pertinent relation to the issues involved. The instructions stated the law with reference to defendant's theory as to the case as well as to that of the plaintiff; they contain no discernible error, and present nothing justifying discussion.

The judgment is affirmed.