No. 24,062.

J. O. EMERSON, Trustee in Bankruptcy of PRESTON STERRETT, *Appellee and Appellant,* v. THE WESTERN AUTOMOBILE INDEMNITY ASSOCIATION, *Appellant and Appellee,* et al.

SYLLABUS BY THE COURT.

1. INDEMNITY INSURANCE—*Unjustifiable Interference by Insurer with Contract Rights—Action for Damages—An Action on the Policy.* An action to recover for an unjustifiable interference with contract rights, by which an insurer through its influence and persuasion induced the insured to avoid the maturity of the insurance and thereby prevented the payment of a judgment against the insured for the loss sustained, is held to be one on the policy or contract of indemnity, following the rule of *Emerson v. Indemnity Association,* 105 Kan. 242, 182 Pac. 647.

2. SAME—*Amendment to Petition—No Change in Form of Action.* An amendment to plaintiff's petition is held to have been a mere elaboration of the facts alleged in the original petition which did not change the nature or form of the action.

3. SAME—*Evidence Established Wrongful Interference with Contract Rights by the Insurer.* The evidence examined, and held to be sufficient to sustain the general finding of the jury to the effect that the defendant wrongfully interfered with contract rights and prevented the payment of the judgment against the insured.

4. SAME—*Proper Instructions.* It is further held that the evidence furnished a basis for the instructions challenged by the defendant and that they are without material error.

5. SAME—*Matters Presented on Cross-appeal Not Reviewable.* The plaintiff is not entitled to a review of rulings on the admission of evidence assigned on his cross-appeal where he did not ask the trial court to set aside the verdict or to grant a new trial and where the same question was definitely determined on a former appeal.

6. SAME—*Interest on Amount of Recovery.* The plaintiff was entitled to interest on his recovery for the wrongful interference of the defendants, and, it appearing that interest on the recovery was not included in the verdict, the trial court had the power and it was its duty to add interest on the recovery from the time of the interference.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed December 9, 1922. Modified and affirmed.

*A. M. Keene,* of Fort Scott, *L. W. Keplinger,* and *C. W. Trickett,* both of Kansas City, for the appellant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by J. O. Emerson, as trustee in a bankruptcy proceeding, against the Western Automobile Indemnity Association, upon a contract of indemnity between the bankrupt, W. P. Sterrett, insuring him against loss resulting from injury to persons or the property of others in the operation of his automobile. The plaintiff recovered, and defendant appeals.

While driving his automobile Sterrett negligently struck and injured Carl A. Anderson, for which Anderson recovered a judgment for $2,500 which was reviewed in this court. (*Anderson v. Sterrett,* 95 Kan. 483, 148 Pac. 635.) The indemnity contracted for was not paid by the association, and under the terms of the policy an action thereon could not be maintained by the insured until the loss had been paid by him in money. It was alleged that the association, to prevent the maturity of the obligation and avoid the payment of the insurance, wrongfully interfered with the contractual rights, and persuaded and induced Sterrett to withhold payment or enforcement of the judgment, and to that end had

employed attorneys to resist proceedings in aid of execution, and also persuaded and prevailed upon Sterrett to file proceedings in bankruptcy, all being done to prevent payment or satisfaction of the judgment and to evade and defeat liability on the indemnity contract.

On the first trial of the case judgment was given for plaintiff, but on an appeal the case was reversed for an error in the admission of evidence. (*Emerson v. Indemnity Association*, 105 Kan. 242, 182 Pac. 647.) The second trial resulted in another judgment for plaintiff, and it is the one of which defendant is now complaining.

It is first insisted that the action should be regarded as one of tort and, being of that character, the trial court did not obtain jurisdiction over the defendant by the process served upon it. That question was determined on the first appeal and it was held to be an action on the policy. It is contended further, that the character of the action was changed by an amendment of the petition after the first appeal. That amendment was made in response to a statement in the opinion on the former appeal that the petition did not fully and definitely allege that the misconduct of defendant prevented the maturity of the indemnity obligation and the payment of Sterrett's loss in money. From the general averments made in the first petition it was assumed that the defendant's purpose was to prevent payment, and that its efforts in that direction had resulted in the nonpayment of the judgment. Upon that interpretation and theory the law of the case was declared, and it must be held that the amendment did no more than to elaborate the averments as to the wrongful interference of the defendant in preventing the payment of the judgment and the maturity of its indemnity contract. The evident purpose was to make the amended petition conform to the assumed intent of the original petition and in no sense did the amendment change the cause of action.

The principal contention is that there is a lack of proof that the defendant did interfere with the contractual relations of the parties or had wrongfully induced Sterrett to defeat the payment of the judgment. The defendant employed counsel to defend the claim of Anderson against Sterrett which resulted in a judgment, but this was its right as well as its obligation under the contract of indemnity and its by-laws. Plaintiff says, however, that the evidence shows that it did not stop with the exercise of this right but thereafter substituted itself for Sterrett, intermeddled with the

proceedings and interfered with the steps taken towards the enforcement of the obligations of Sterrett to Anderson. When proceedings in aid of execution were first instituted the attorneys that had represented the defendant appeared with Sterrett and resisted the application of his property to the satisfaction of the judgment. About a year later another proceeding of the same character was begun and the same counsel appeared and made like resistance. While an officer of the defendant said that the attorneys who appeared in these proceedings were not acting for the defendant or paid by it for their services, and Sterrett also stated at one time that they were acting upon his own request and employment, yet his own testimony in that respect appears to be contradictory. He testified that he had asked the attorneys to appear for him and had not since paid them, but that he expected to pay them when they sent him a bill. The service was rendered about seven years before the trial in this case, but no bill has been presented to or paid by him. In testifying in one of the proceedings at another time and in answer to a question whether he employed the attorneys in the proceedings or were they employed by the association, he answered, "They were employed by the automobile indemnity association or I suppose they were." In answer to another question if it was not a fact that the attorneys did not appear for him, but did appear for the association, he answered, "No, I don't think that is so. I don't know." A witness stated that on one occasion when Sterrett was asked why he stood all the questioning and embarrassment of the proceedings towards the enforcement of the judgment when the association owed the indemnity and he had paid for it, and why he did not allow it to be collected and the judgment paid, he replied, "That is all right, the insurance company will take care of me on that." Notwithstanding the denials that the attorneys were acting for the defendant in these proceedings, a part of the evidence warranted the inference drawn by the jury that the attorneys represented the defendant and were acting for it in these proceedings. As to the participation of the defendant in the bankruptcy proceeding there was the evidence that about the time the judgment was obtained R. P. Rice, a brother of the president of the defendant, and its agent to adjust and settle claims, visited Anderson several times and sought to obtain a compromise of the claim, offering to pay $700 to settle it. He stated that he was representing the defendant and that if his offer was not ac-

cepted Anderson would get nothing. As an inducement to settle on the basis of the offer he stated that Sterrett would file a petition in bankruptcy, transfer his property to his wife, and, if the offer was not accepted, nothing would be paid. He further said that the association had a similar case in Joplin, Mo., where he made an offer of settlement which was refused, and the result was the claimant got nothing. In testifying to the character of his agency, Rice stated that he was an adjuster of defendant, but that he did not negotiate settlements of claims without express authority from the defendant. According to evidence in the case he did represent the defendant in the attempt to settle the claim in question, and in that capacity represented that Sterrett would become a bankrupt and that Anderson would get nothing unless the offer he made was accepted. What the adjuster said would happen actually did happen. Sterrett followed the course marked out by the representative of the defendant. It appears the home was held in his wife's name and that he took the benefit of the bankrupt act. This evidence of itself was not conclusive as to the charge made against the defendant, but it was competent testimony and, with other testimony and circumstances brought out, tended to prove the unlawful interference of the defendant to prevent the ripening of a liability against it for the indemnity and to prevent the payment of the judgment. It tended to show that it dominated Sterrett and employed him as a factor in evading the maturity of its obligation for indemnity and in defeating the payment of the judgment.

A contention is made that the court erred in the instructions given to the jury. One complaint is that there was no basis for an instruction that if a finding was made from the evidence that the defendant assisted Sterrett in the proceedings in aid of execution and in the bankruptcy proceeding, that fact in connection with the other evidence might be considered in determining whether the defendant induced or procured Sterrett to refuse payment of the Anderson judgment. We have ascertained that there was evidence tending to prove the facts recited and hence there was no error in the instruction.

Another instruction challenged, related to the payment of the expenses of the litigation. The jury were advised that the defendant had a right to pay the necessary expenses incurred in defense of the action in which the judgment was obtained against Sterrett, and.

that items of expense paid for that purpose could not be considered in determining the liability of the defendant in this action, but if the expenses contributed by defendant were not used in paying the actual expenses of the Anderson action, the jury might consider it for what it was worth, taking into consideration all the facts disclosed by the evidence in regard to the liability of the defendant. There was evidence of checks sent and remittances made by the defendant to its attorneys, but the president of the association testified that these were for expenses in the Anderson action. It was a question for the jury to determine the credit to be given to his testimony as to whether the remittances were for the necessary expenses of that litigation, and if they so found they were told that they could not consider them in determining the liability of defendant in this action. We discover no material error in the instructions.

Criticism is made of that part of the charge in which the court in effect said that the Anderson judgment created an obligation of the highest order and that the law does not impute to Sterrett an intention to evade or defeat the obligation of the judgment, and if the jury found that he would probably have paid the judgment voluntarily or involuntarily but for the interference of the defendant by inducing him not to pay it so that defendant could not be compelled to pay the indemnity which it had contracted to pay, or if it had induced Sterrett to become a bankrupt and thereby be discharged from the payment of the judgment, the plaintiff would be liable. In that connection the jury were told:

"It is not necessary for the jury to find with absolute certainty that Sterrett would have paid the judgment to Anderson if the defendant association had not meddled in the matter, if you find it did meddle, but it is necessary that the jury shall find that there was a reasonable probability that a man in Sterrett's condition in life, taking into consideration his financial ability, his earning capacity, and all other facts shown in the evidence would have paid said judgment voluntarily or involuntarily, had the defendant not meddled."

There is no good ground for complaint of the statement that the law does not impute to Sterrett an intention to evade or defeat the obligation of the judgment. Fraud and wrong is never to be imputed without satisfactory proof. The instruction as given does not carry the import assumed by defendant, that as the law did not impute such a purpose to Sterrett that somebody must have persuaded or induced him to do it, and that *somebody* was the defendant. In the instructions the jury were told not to find against the defendant

unless the evidence established that it had meddled and interfered to prevent the payment of the judgment. The part of the instruction which related to the certainty of proof that Sterrett would have paid the judgment if the defendant had not meddled in the matter accords with the rule laid down in the opinion on the former appeal, where it was said:

"Absolute certainty that Sterrett would have paid the judgment, if the defendant had not meddled is not essential. A fair and reasonable probability is all that need be established." (*Emerson v. Indemnity Association*, 105 Kan. 242, 248, 182 Pac. 647.)

Aside from the evidence as to the interference with contractual rights by defendant there was testimony produced tending to show that Sterrett was earning about $4,500 a year, had an automobile worth about $2,000, had purchased a home, the title of which had been taken in the name of his wife, and that when he took the benefit of the bankrupt act his only indebtedness other than a few small items was the Anderson judgment of $2,500. The indemnity in question to which he was entitled was sufficient to have met this obligation. Instead of procuring and using the indemnity for that purpose he yielded to the influence and machinations of the defendant whose purpose was, according to the evidence, to disable Sterrett and prevent the payment of the judgment and thus evade its obligation to pay the indemnity.

Some objections were made to rulings on the admission of testimony, but in these we find nothing substantial.

A cross appeal has been filed by the plaintiff in which he complains of a ruling excluding the letters of defendant's attorneys to their client respecting the litigation. No error can be predicated on these rulings, first, because plaintiff is not asking and admits that he does not desire the verdict to be set aside or that a new trial be granted. Another reason why the assigned error should not be considered is that this question was determined on the former appeal, in which it was held that the letters were privileged communications, and no reason is seen for changing that decision.

He further complains that he was not allowed interest on his recovery prior to the rendition of the judgment against defendant in this case. There is ground for this complaint. The evidence establishes that the interference of the defendant began at least as early as the time the Anderson judgment was rendered. The action, as we have seen, was on the contract of indemnity, and

but for defendant's interference the judgment would have been paid. The wrong of the defendant in this respect deprived the plaintiff of the use of the money adjudged to be paid, and plaintiff was therefore entitled to interest at the legal rate from the time the Anderson judgment was rendered. Defendant cannot be exempted from the payment of interest or allowed to profit by its wrongful action in withholding indemnity which it should have paid and keeping the plaintiff out of the use of the money to which he was entitled. The jury made no specific finding as to interest, but it appears from the record that no interest is included in the verdict. This is shown by the fact that the verdict is for the exact amount of the judgment. The dispute between the parties was whether or not there had been an unlawful interference with the payment of the judgment, and there was no actual controversy as to interest. The trial court rightly told the jury that if they found that payment was prevented by the defendant and that Sterrett was induced by it to become a bankrupt so as to be discharged and released from payment, plaintiff would be entitled to the amount of the judgment with interest on $2,500, the amount of the indemnity from the date of the judgment, to wit, March 19, 1914, at the rate of six per cent per annum. There being no controversy over the amount of recovery, if defendant was found to be liable, and that amount having been definitely determined as the amount of the judgment, and it being clear that interest was not included in the verdict, the judgment is open to correction at this time. It is not necessary to resubmit that question to the jury. It has been said:

"When in such case it clearly appears from the findings of the jury that no interest has been included in their verdict, and it also clearly appears from such findings, from the admission of the party to be charged or other incontrovertible evidence, from what date interest should be allowed, the court may compute the interest and include it in the judgment." (*Smith v. Railway Co.*, 90 Kan. 757, syl. ¶ 4, 136 Pac. 253.)

(See, also, *Girardey v. Girardey*, 99 Kan. 679, 163 Pac. 165; *Berry v. Dewey*, 102 Kan. 392, 170 Pac. 1000; *Smith Bros. v. Hanson*, 106 Kan. 32, 187 Pac. 262; *Manross v. Oil Co.*, 107 Kan. 71, 190 Pac. 619.)

In such a case it is a mere matter of computation, as much so as if the jury had allowed interest at a rate other than the legal rate, or as if there had been special findings expressly excluding

interest where under the law a party was clearly entitled to interest upon the recovery for a definite time at a definite rate. Being a matter of computation it could and should have been added by the court. The trial court is therefore directed to award interest to plaintiff at the rate of six per cent per annum on $2,500 from March 19, 1914, and when so modified the judgment is affirmed.