No. 24,563.

HOWARD FALL, *Appellee*, v. S. C. TUCKER, *Appellant*.

SYLLABUS BY THE COURT.

1. AGENCY—*Oral Contract to Purchase Land for Another—Questions of Fact for Jury.* Whether an oral contract was entered into whereby one of the parties should purchase land for another, and whether the alleged agent was the procuring cause of the purchase, are facts to be determined by the jury in the light of all the circumstances leading up to the final negotiations between the vendor and purchaser.

2. SAME—*Evidence—Special Findings—Verdict.* The testimony examined, and found sufficient to support a general verdict and special findings of the jury.

3. SAME—*Special Findings.* The special findings examined, and found not to be so inconsistent as to warrant a reversal.

4. SAME—*Interest Omitted by Jury—May Be Added by the Court.* Ordinarily, where a party is entitled to interest and the jury have neglected to add it, and it can be ascertained and supplied by mathematical calculation, it is not error for the court to add it.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed June 9, 1923. Affirmed.

*C. H. Brooks, Willard Brooks,* and *Howard T. Fleeson,* all of Wichita, for the appellant.

*Lewis A. Hasty, Robert R. Hasty,* and *Roger P. Almond,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was to recover a commission for the purchase of real estate. Trial was to a jury. Plaintiff recovered, and defendant appeals.

Plaintiff alleges in his petition:

"That during all of the times material hereto, plaintiff was the agent of the defendant with authority and instructions to purchase land in Colorado for the

defendant, the defendant orally agreeing to pay the plaintiff the sum of one dollar per acre as commission for such land as plaintiff procured and which should be accepted by defendant. Acting under said agreement, plaintiff, in the fall of 1919, obtained an offer on section 17, township 10, range 54, in Lincoln county, Colorado, the same comprising six hundred and forty acres, immediately notified the defendant of the offer, in response to which the defendant instructed the plaintiff to close the deal upon the terms and conditions offered and purchase for the defendant the said six hundred and forty (640) acres. Plaintiff thereupon completed said negotiations, in consequence of which defendant purchased and became the owner of said six hundred and forty (640) acres. The plaintiff has demanded of said defendant his commission of six hundred and forty dollars ($640) but that defendant has failed, neglected and refused to pay the same. Wherefore, plaintiff prays judgment," etc.

Defendant filed a general denial, also denied the agency.

Plaintiff's testimony, in substance, showed a meeting of the parties near Hugo, Colo., in the summer of 1919; one or two conferences, and an oral agreement whereby plaintiff should purchase land for defendant to fill out and enlarge a ranch then owned by defendant and his partner; that plaintiff was to receive a dollar per acre for land which he might purchase for defendant; that considerable correspondence was had between the parties, showing efforts of the plaintiff to purchase land, and the carrying out of instructions of defendant; that defendant paid plaintiff a commission for the purchase of other (Clawson) land; the negotiations for and consummation of the purchase of the land in question. There was also testimony that plaintiff worked at defendant's ranch at various odd times, for which work he was paid $2.50 and $3 per day.

Defendant, on his behalf, testified, among other things:

"At the time of my conversation with Fall at Hugo, the day after I met him, I told him that if he had anything he could present it to us and we could pass on it, and, if we wanted to, buy it. Fall suggested a commission of a dollar an acre and I said to him, 'Fifty cents looks to me like it would be a fair price.'"

Defendant admitted payment of commission for the purchase of the Clawson land, but denied that plaintiff was the procuring cause in the purchase of the land in controversy. It would serve no good purpose to further detail the evidence—it was ample to sustain the special findings and general verdict in favor of the plaintiff.

The jury, in answer to special questions, found, among other things, that the defendant employed the plaintiff to purchase the land in controversy, the general terms of the employment being, that

plaintiff had general authorization as agent from defendant to procure and submit offers on tracts of land, which authority had not been withdrawn by defendant prior to the purchase of the land in question.

We find no inconsistency in any of the special findings with the general verdict or with each other that would warrant a reversal. (See *Grimes v. Emery*, 94 Kan. 701, 146 Pac. 1135 and cases cited.)

The defendant complains of the action of the trial court in adding interest to the amount of the general verdict. The amount of the verdict was $320. The jury, no doubt, took the testimony of the defendant as a basis for the recovery. The court added to this the interest from the time of purchase, making a total of $369. Ordinarily, where a party is entitled to interest and the jury has neglected to add it, and it can be ascertained and supplied by mathematical calculation, it is not error for the court to add it. (*Citizens' Bank v. Bowen*, 25 Kan. 117; *Marsh v. Kendall*, 65 Kan. 48, 68 Pac. 1070; *Smith v. Railway Co.*, 90 Kan. 757, 136 Pac. 253; *Berry v. Dewey*, 102 Kan. 392, 170 Pac. 1000; *Smith Bros. v. Hanson*, 106 Kan. 32, 187 Pac. 262; *Manross v. Oil Co.*, 107 Kan. 71, 190 Pac. 619; *Emerson v. Indemnity Association*, 112 Kan. 426; *Wenzel v. Milling Co.*, ante, p. 338, 214 Pac. 406.)

The judgment is affirmed.