No. 24,854.

George Gartner, *Appellee,* v. Eliza J. Hays, Florence H. Hays, as Administratrix of the Estate of James F. Hays, Deceased, The Safe Deposit & Trust Company, and The Kansas Oil & Gas Company, *Appellants.*

SYLLABUS BY THE COURT.

1. Contract—*Lease—Use of Land for Operation of Oil Wells—Incomplete Findings of Jury—Computation of Number of Acres Used by the Court from Findings of Jury—No Error.* In an action to recover $75 per acre for the use of land the defendants had occupied in the operation of oil wells, the jury returned a vedict finding the exterior boundaries of the land used, accompanied by a plat on which a red line was drawn around the land used, but they did not compute the acreage nor give the amount recoverable at the fixed price. The court made the computation and rendered judgment for the amount due for the acreage which the jury found to have been used at the conceded price per acre. *Held,* that the acreage having been definitely found and there being no dispute as to the price per acre agreed to be paid, it was competent for the court to make the computation and render judgment for the amount so found due.

2. Same—*Power of Appellate Court to Compute the Amount of Recovery from Findings of Jury.* The directory provision of the code that in actions for the recovery of money the jury shall assess the amount of recovery, does not require the setting aside of the verdict nor prevent the rendition of judgment for the amount shown by the verdict to be due where the verdict definitely shows by a mere computation the amount for which judgment should be given.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed January 12, 1924. Affirmed.

*Claud J. Bryant, Thomas H. Stanford, Lester G. Seacat,* and *Charles Seacat,* all of Independence, for the appellants..

*Thomas E. Wagstaff,* and *Chester Stevens,* both of Independence, for the appellee.

Gartner v. Oil & Gas Co.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to recover for the use of lands in prospecting and operating them for oil and gas. The then owner of the land, W. H. Guthrie, transferred to Will S. Hays, the right to the mineral in the lands consisting of 565 acres, for a consideration of $20,000. The transfer was subject to the conditions that Hays should pay the owner all damages to crops, orchard or buildings, resulting from the prospecting and operating for mineral, and also that if he used or held any part of the land in prospecting or operating the same for more than six months he should pay the owner for such occupation at the rate of $75 per acre and should pay damages for land occupied less than six months, whereby the grantor was prevented from planting or raising a crop, a sum equal to the rental value of said land for one year, and should also pay damages for leaving gates or fences open or if he left them not in as good a condition as he found them. Through mesne conveyances, the plaintiff became the owner of the land. Hays has since died and his heirs executed a lease transferring their mineral rights to Burns & Merryman, and the latter transferred their rights under the lease to the defendant, the Kansas Oil & Gas Company. At the end of the trial the jury found that plaintiff was entitled to damages for gates left open, and also found the extent of the territory upon which an acreage payment should be made by the defendants, in the following words:

"One Hundred ($100.00) dollars damage as a result of gate left open by defendants, and tract of land described below, which is bounded by red lines on plat. Exhibit 'B' of this action.        A. N. PENNINGTON.

"From a point seventy-five (75) feet west of well No. ten (10), measure two hundred twenty-five (225) feet further west, then south eleven hundred fifty (1150) feet, then east about one thousand twenty-five (1025) feet to Federal Court allotment line at the power house, then follow said above line northwest back to the point of beginning, seventy-five feet west of well No. ten (10).        A. N. PENNINGTON, *Foreman.*"

With this verdict and attached to it the jury returned a plat on which red lines were drawn showing the land which had been used by the defendants for more than six months and upon which the plaintiff was entitled to recover at the rate of $75 per acre. The amount of the acreage or of the recovery was not stated in the verdict. When the verdict was returned the court permitted a witness, who had been a surveyor for forty-three years and who had

prepared the plat on which the red lines were marked, to make a survey and computation of the irregular territory within the red lines fixed by the jury. The result of his computation was that there was eighteen and nine-tenths (18.9) acres within the lines, and upon the verdict and findings of the jury and the computation of the surveyor, the court adjudged that the plaintiff was entitled to recover for eighteen and nine-tenths acres of land at the rate of $75 per acre, plus $100 for the damages for leaving open of the gates, making $1,517.

Error is assigned on the reception of the evidence by the surveyor, the claim being that the verdict is not on its face sufficient to determine the amount of recovery and that it is not competent for the court to take or examine evidence not presented to the jury for the purpose of fixing the amount of damages, this being the sole province of the jury.

We think the verdict was sufficiently definite and certain to warrant the court in pronouncing the judgment that was rendered. It showed definitely the acreage or extent of territory for the use of which the defendant was liable. The rate per acre to be paid for the acreage used by the defendant was conceded to be $75 per acre. The jury not only described the exterior boundaries of the tract used but they supplemented it with a plat on which a red line had been drawn around the tract used, thus showing clearly the amount of acreage for which the defendant was liable. They did not compute and give the number of acres as anyone with a knowledge of mathematics might have done and then multiplied the number of acres by seventy-five, showing the amount of recovery in dollars. They found all the disputed facts, and evidently finding it difficult to calculate the acreage because of the irregular lines which bounded the tract, they left the computation to the court. It is thus seen that nothing was left but a mere matter of computation and this the court was warranted in making. Attention is called to the code provision that in actions for the recovery of money the jury shall assess the amount of recovery. (Civ. Code, § 295.) This is a directory provision and a technical failure to observe it does not operate to nullify the verdict. For instance, in *Mills v. Mills,* 39 Kan. 455, 18 Pac. 521, a jury found the value of property wrongfully taken but did not include interest from the commencement of the action. The rate of interest was specified, the time it was to run was definite, and the court in rendering the judgment added the interest to the amount of the verdict, and this action was sustained. A verdict which is

Gartner v. Oil & Gas Co.

free from ambiguity and imports a definite meaning may be interpreted, and although there may be in it obvious omissions or defects, it will be given effect if the finding of the jury shows clearly its intention so that the court may intelligently pronounce judgment. (*In re McLean,* 84 Kan. 852, 115 Pac. 647.) In a condemnation case where interest should have been awarded but was not included in the verdict, it was held to be proper for the court to include it in the judgment. It was held that although the manner of determining the interest was irregular, the judgment should not be reversed by reason of the irregularity. (*Smith v. Railway Co.,* 90 Kan. 757, 136 Pac. 253.) In an action on a note and mortgage, the verdict showed a finding in favor of one of the parties but did not name any amount, and it was contended that it did not support the judgment on the obligations. It is said that the only dispute in the case related to these instruments which was established by the findings and verdict, and as the amount due was a mere matter of computation the failure of the jury to state the amount in their verdict did not prevent the court from rendering a judgment for the amount due on the note and mortgage. (*Matthews v. McNeill,* 98 Kan. 5, 157 Pac. 387.) If there are informalties, irregularities or omissions which the record clearly explains and the intention of the jury can be definitely determined from the record, it is sufficient to sustain a judgment carrying the findings into effect. This is especially true where its validity is contested on merely technical grounds. There can be no doubt of the power of the court to render the appropriate judgment where the records show manifest omissions and where the defect may be corrected by a mere matter of computation. (*Girardey v. Girardey,* 99 Kan. 679, 163 Pac. 165; *Berry v. Dewey,* 102 Kan. 392, 170 Pac. 1000; *Manross v. Oil Co.,* 107 Kan. 71, 190 Pac. 619; *Emerson v. Indemnity Association,* 112 Kan. 426, 211 Pac. 622.) There can be no substantial dispute from the finding and verdict of the jury as to the amount for which the defendants were liable. As we have seen, the defect involved only a mere matter of computation which the court could make with certainty, and the fact that he was aided by a measurement of the tract by a surveyor did not impair the validity of the judgment rendered since it appears that the amount due was correctly calculated. The code admonishes this court to disregard all technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the complaining party.

Judgment affirmed.