No. 26,970.

THE CITIZENS STATE BANK, OF ST. FRANCIS, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CHEYENNE, *Appellant*.

SYLLABUS BY THE COURT.

1. ASSIGNMENTS—*Pleading—Sufficiency.* The petition stated facts sufficient to constitute a cause of action.

2. SAME—*Money Due Contractor from County—Right of Assignee to Sue.* A claim against the county for money to be paid for building a public road may be assigned to a bank by the contractor to obtain money to pay for labor and material used on the road, and the bank can maintain an action against the county to recover on the claim.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed January 8, 1927. Affirmed.

*Leigh D. Dowling,* of St. Francis, for the appellant.

*J. L. Finley,* of St. Francis, *Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, as assignee, sued the defendant to recover $6,541.21 earned by the Standard Engineering and Construction Company under a contract entered into between that company and the defendant providing for the construction of a highway in Cheyenne county. Judgment was rendered in favor of the plaintiff for $4,745.71, and the defendant appeals.

The petition alleged, and the evidence of the plaintiff tended to prove, that the Standard Engineering and Construction Company had entered into a contract with the board of county commissioners of Cheyenne county for the construction of about fourteen miles of public road in Cheyenne county for the sum of $59,601.84; that, to obtain funds with which to carry on the work, the construction company entered into an arrangement with the plaintiff bank by which the bank agreed to furnish money to the construction company to pay for labor and material, and the construction company agreed to place the money received by it for the construction of the highway in the bank to be used by the bank in payment of notes which had been given by the construction company to obtain the money with which to pay for labor and material; and that the construction com-

Assignments, 5 C. J. p. 1007 n. 63.   Counties, 15 C. J. p. 663 n. 40.

pany had given an order to the board of county commissioners of Cheyenne county as follows:

"To the Board of County Commissioners of Cheyenne County, Kansas: You are hereby authorized and instructed to pay over to the Citizens State Bank of St. Francis, Kan., all moneys that may become due us for the construction of Federal Aid Project No. 145, as estimates are allowed, the same to be placed to our credit with said bank."

That the order was received by the county clerk and placed on file in his office; that the construction company performed work under the contract for which estimates were made by the engineer and payments were made according to the contract, which payments were placed in the bank to the credit of the construction company; and that a warrant was drawn by the county clerk for $6,541.21 made payable to the construction company, but was never delivered to it. The action was to recover the amount of that warrant.

The defendant pleaded, and there was evidence which tended to prove, that the board did not accept the order to it made by the construction company to pay over to the Citizens State Bank the money that might become due for the construction of the road. The record of the meetings of the board of county commissioners showed that they considered the order to pay the money over to the bank, but on the advice of the county attorney, the order was not accepted by them. The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action, but that demurrer was withdrawn. At the commencement of the trial, the defendant objected to the introduction of evidence by the plaintiff on the ground that the petition did not state facts sufficient to constitute a cause of action against the defendant. The defendant demurred to the evidence of the plaintiff on the ground that it did not prove facts sufficient to constitute a cause of action against the defendant. The objection to the introduction of evidence and the demurrer thereto were both overruled. A jury had been impaneled and at the conclusion of the evidence, the court on the application of the plaintiff directed the jury to return a verdict for the plaintiff for $4,745.71.

In a motion for a new trial, the defendant urged erroneous instructions of the court; that the verdict was wholly contrary to the evidence, was not sustained by sufficient evidence, and was contrary to law. There was evidence which tended to prove that the con-

struction company abandoned the work before its completion, but that matter is not urged by the defendant as a reason for reversing the judgment.

1. It is argued that the petition did not state facts sufficient to constitute a cause of action, and that the objection by the defendants to the introduction of any evidence under the petition should have been sustained. The allegations of the petition have been briefly stated. It stated facts which, if true, showed that the plaintiff was entitled to recover.

2. It is urged by the appellant that the order to the board of county commissioners did not constitute an assignment to the plaintiff of the rights of the construction company under the contract, and that the defendants could not be bound by the order until they had consented thereto or agreed to do as therein directed. It may be conceded that the order alone did not constitute an assignment of the right of the construction company to any money that had been earned by it under the contract, but there had been, previous to the delivery of the order, an assignment of that right by the construction company to the plaintiff.

Rights in action under contracts may be assigned, and the assignee may recover thereon. (*Krapp v. Eldridge,* 33 Kan. 106, 5 Pac. 372; *Rullman v. Rullman,* 81 Kan. 521, 106 Pac. 52; *Hull v. Bonding Co.,* 86 Kan. 342, 120 Pac. 544; *Hall v. Terra Cotta Co.,* 97 Kan. 103, 154 Pac. 210; *Currant v. Lenger,* 107 Kan. 107, 190 Pac. 432; *Jenkins v. Insurance Co.,* 112 Kan. 552, 556, 212 Pac. 363.)

In *National Bank v. City of Ottawa,* 43 Kan. 294, 23 Pac. 485, it was said that:

"A banking corporation organized under the laws of the United States can take an assignment of the money due and to become due from a city of the second class, on a contract for paving a street, from the contractor, to secure an existing *bona fide* indebtedness by the contractor to the bank."

In 15 C. J. 663, the following language is found:

"Claims against a county may be assigned, and such assignment is binding on the county on notice thereof being given to the county board, or to a member thereof."

The judgment is affirmed.