No. 19,621.

JOSEPH E. ROBISON, *Appellee*, v. THE UNION CENTRAL LIFE
INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

LIFE INSURANCE—*Construction of Policy—Reserve Value of Policy Payable to Assured after Twenty Years.* Where a life insurance policy, dated April 27,.1893, is taken out and paid for by the insured and is made payable to the insured's wife in the event of his death, and provides that upon legal surrender of the policy the company will on the thirtieth day of April, 1913, pay the entire reserve value of the policy, amounting to $932, if the policy shall not have been previously terminated by lapse, death or limitation, and in the application, which is made a part of the policy, the insured stipulates that the reserve shall be paid to himself, he can enforce payment of the reserve to himself upon the surrender of the policy after April. 30, 1913, even if the beneficiary in the policy refuses to consent to such surrender or payment.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed July 10, 1915. Modified.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellant.

*A. Schulman, Albert Hoskinson,* and *R. W. Hoskinson,* all of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover the surrender or reserve value of a life insurance policy issued by the defendant to the plaintiff, in favor of his then wife, Anna H. Robison. The policy provides that upon the death of the insured, the company will pay the amount of the insurance, $2000, to Anna H. Robison, the plaintiff's wife, if living, otherwise to the executors, administrators or assigns of the plaintiff. The policy contains no provision for a change of the beneficiary, but contains provisions for loans of specified amounts after certain specified periods, and for the issuance of a paid-up policy for certain amounts after specified times upon the surrender of the policy. The policy also contains the following language:

"Upon legal surrender of this policy the company will pay in cash on the Thirtieth day of April, A. D. 1913, its entire reserve value, according to the American four per cent Table of Mortality, to wit, the sum of

$932.00, provided this policy shall not have been terminated previously by lapse, death, or limitation."

The application, a copy of which is attached to the policy and made a part thereof, contains the following question and answer: "If an Endowment, to whom shall it be paid if you live to the end of the Endowment period? Reserve to myself." The application is the application of the plaintiff, Joseph E. Robison. The signatures to the application are as follows:

"Signature of person proposed for insurance,

JOSEPH E. ROBISON.

"Signature of person to whom the insurance is payable,

ANNA H. ROBISON."

The plaintiff now seeks to surrender the policy and recover the $932 without the consent of the beneficiary, who has, since the policy was issued, obtained a divorce from the plaintiff. On April 30, 1913, the defendant offered to pay the plaintiff the sum of $962 upon a surrender of the policy with a receipt or release from the beneficiary. All premiums were paid by the plaintiff. The court rendered judgment for the plaintiff for the sum of $1004 with interest from January 13, 1914, at six per cent. The defendant appeals.

This policy was issued by the defendant to the plaintiff on his application, and named Anna H. Robison, then his wife, as the person to whom the policy was to be paid upon the plaintiff's death. The policy provides that on the 30th day of April, 1913, the defendant will pay its entire reserve value, $932. By the terms of the policy the application therefor is made a part thereof. This application provides that the reserve shall be paid to the plaintiff. The provision for the payment of this $932 to the plaintiff on the 30th day of April, 1913, is as much a part of the policy as the provision for the payment of $2000 to Anna H. Robison on the death of the plaintiff. There is no more reason for defeating one of these provisions than there is for defeating the other. What is meant by the words "reserve to myself," written in answer to the question, "If an endowment, to whom shall it be paid if you live to the end of the endowment period?" The only answer to this question is that the $932 is to be paid to the plaintiff. Neither the defendant nor Anna H. Robison can defeat the plaintiff in his right to receive this $932 under the policy. The defendant contends that Anna H. Robison has such an interest in the policy as pre-

vents the plaintiff from surrendering it and receiving the reserve or surrender value without her consent. If the defendant's contention is correct, that part of the policy providing for the payment of $932 to the plaintiff is defeated, because the plaintiff's now divorced wife refuses to give her consent to the surrender of the policy or the payment of the money to the plaintiff. She has no right to the $932, neither does she have any right to defeat the plaintiff in his effort to compel the defendant to pay according to the terms of the policy. The conclusion we have reached is supported to some extent by *Filley v. Insurance Co.*, 93 Kan. 197, 144 Pac. 257, where this court said:

"A provision in the policy that should the insured reach the age of sixty-four and so desire he could surrender such policy and receive back his payments with interest, is held to be a condition subsequent not impairing the vested interest of the beneficiary unless and until the insured should reach the designated age and then choose to surrender." (Syl. ¶ 3.)

There is another matter that must be considered. Judgment was rendered for $1004. This amount was evidently reached by calculating interest at six per cent on $962, the sum which the general agent of the defendant informed the plaintiff would be the amount of the surrender value of his policy. This was a mistake. The surrender or reserve value was $932. Interest should be calculated on this amount from April 30, 1913, to the date of the judgment. This amounts to $971. The judgment in favor of the plaintiff is modified by reducing the amount of recovery to $971, with interest thereon from the date of the judgment at six per cent, and as thus modified the judgment is affirmed.