No. 24,104.

MYRTLE RANSOM JENKINS et al., *Appellees*, v. THE UNION CENTRAL LIFE INSURANCE COMPANY et al. (Edna Dialtha Jenkins and Catherine Margaret Jenkins, et al.), *Appellants*.

### SYLLABUS BY THE COURT.

1. LIFE INSURANCE — *Reserved Value of Policy Payable to Assured After Twenty Years—A Chose in Action Assignable at Pleasure of Assured*. A life insurance policy with a reserve value payable to assured after twenty years, if living, matured during his lifetime. His mother, who was named as beneficiary in the policy, assigned her interests to the assured. He assigned the policy to his wife, but reserved the right to collect the endowment at maturity of the policy. His wife secured a divorce and he transferred the policy to his minor daughter, with like reservation of the right to collect the endowment in case he should be living at maturity of the policy. Subsequently, he remarried and transferred all his rights in the policy to his present wife. *Held*, that under such a contract of insurance the right to the reserve value of the policy at maturity is a chose in action which can be the subject of an absolute assignment, and *held further*, that his present wife as assignee is entitled to recover the reserve value free from all claims of the former wife under the previous assignment or by the decree of divorce, and free, also, from any claims of the minor child. (*Robison v. Insurance Co.*, 96 Kan. 237, 150 Pac. 564.)

2. SAME—*Judgment Properly Rendered for Plaintiff on the Pleadings*. The former wife answered, alleging that the policy contained the declaration that it was made in and was to be governed in all respects by the laws of Ohio. The court rendered judgment for plaintiff on the pleadings. *Held*, not error.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed January 6, 1923. Affirmed.

*T. A. Kramer*, and *George J. Benson*, both of El Dorado, for the appellants.

*S. J. Mattox*, of Oswego, *C. L. Aikman*, and *G. P. Aikman*, both of El Dorado, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The insurance company issued a policy for $1,500 on the life of Homer M. Jenkins, payable to his mother, Mary C. Jenkins, at his death, or to his executors, administrators and assigns, if she should not survive him. The policy was to be fully paid up when twenty annual payments were made. It matured on September 15, 1920. It contained an option for a cash settlement on that date by legal surrender to the company in lieu of its reserve value

in cash with four per cent interest. In the application the insured was asked: "If an endowment, to whom shall it be paid if you live to the end of the endowment period?" Answer: "Myself." In June, 1911, his mother reassigned the policy to him. Afterwards he assigned it to his then wife, Edna Dialtha Jenkins. They were divorced in the district court of Labette county on December 21, 1916. The assured thereupon notified the insurance company of the divorce, and that he had terminated her rights as beneficiary in the policy, and had changed the 'beneficiary to Catherine Margaret Jenkins, his daughter, a minor, and had appointed S. J. Mattox, of Oswego, trustee for his daughter, to collect any moneys that might become due on the policy "in case of my death, . . . reserving, however, my right to any moneys due thereon during my lifetime or due at the maturity thereof should I be living." This was on April 29, 1918. Subsequently, he married the plaintiff and assigned the policy to "my present wife, Myrtle Ransom Jenkins," notifying the insurance company. In this latter assignment he expressly assigned to plaintiff all benefits under the policy when they matured "the same as I could do; she to have and retain all of said receipts as her own and individual property."

After the policy matured, Myrtle Ransom Jenkins, the present wife, brought this action on the policy to recover the endowment. The company resisted because of the claims of the other assignees. Homer M. Jenkins interpleader as a plaintiff for the purpose of establishing the fact that he is still living. The former wife remarried after the divorce, and her name is now Edna Dialtha White. She filed an answer claiming the right to collect the endowment, alleging that she had never released, surrendered, assigned, transferred or waived any right or interest she had obtained by virtue of the assignment; that she had never elected to surrender the policy and to receive a cash consideration, and was entitled to receive all sums that are now or may hereafter become due under the policy. The answer alleged that the contract contains an agreement that it is to be held and construed to have been made in Ohio and all rights thereunder were fixed and determined by the laws of that state, and that under those laws she became and is now the owner of a vested interest in the policy. The answer also set up the decree of divorce and an order made by the district court of Labette county, adjudging that Homer M. Jenkins pay to his former wife, for the support and education of their minor child, $25 a month beginning

January 15, 1917, and to continue during the minority of the child or until the further order of the court. It was alleged that the child was still a minor and that he had never paid any money under the order; that an execution had been issued to the sheriff of Labette county, which remains unsatisfied. She asked that if the court should find that plaintiffs or either of them have no rights in the policy and that an option of cash settlement has been exercised in a lawful manner, Homer M. Jenkins be adjudged to be the owner of any sums now due; that his coplaintiff be adjudged to have no interest therein, and that the court order the amount paid upon the satisfaction of the judgment and decree in the divorce case. The minor daughter also answered and claims under the assignment to her.

The court rendered judgment on the pleadings in favor of Myrtle Ransom Jenkins, plaintiff, for $890.15, from which the interpleader, the former wife, and Catherine Margaret Jenkins, the daughter, appeal.

We see no reason why Homer M. Jenkins could not assign to his second wife all of his rights under the policy, including the right to collect the endowment. If the assignment transferred the property to the plaintiff, Myrtle Ransom Jenkins, it could not be applied to the payment of judgments or debts owed by the husband. The insurance itself was exempt at the time it was assigned.

The plaintiff was the beneficiary in the policy of insurance and the assignee of the endowment by virtue of the assignment. Section 5237, General Statutes, 1915, provides:

"All such policies and their reserves of the present value thereof shall inure to the sole and separate use and benefit of the beneficiaries named therein, and shall be free from the claims of the assured."

A copy of the judgment in the divorce action was attached to the answer, from which it appears that the court ordered certain payments to be made to the clerk by the defendant in the action for the support and education of his minor child or until the further order of the court. The decree did not attempt to make this part of the judgment a lien on any property of the defendant in that action. The proper way to secure the enforcement of the order is in the court where the decree was granted. (See *Fey v. Johns*, ante, p. 385, 210 Pac. 1107.)

The assignment to the defendant, Edna Dialtha White, is by an instrument making her the beneficiary under the policy in case of

the death of Homer M. Jenkins. The assignment contains the following statement:

"In case this policy matures as an endowment this assignment is of no effect."

A similar policy issued by the same company, with a reserve value payable to assured after twenty years, was construed in *Robison v. Insurance Company,* 96 Kan. 237, 150 Pac. 564. It was held that in the application, which was made a part of the policy, the insured stipulated that the reserve should be paid to himself, and that he can enforce payment of the reserve to himself by surrender of the policy after it matured, even if the beneficiary refuses to consent to such surrender on payment. In that case Robison sought to surrender the policy and recover $932 reserve without the consent of the beneficiary, who had, since the policy was issued, obtained a divorce from him. All premiums were paid by the plaintiff. The insurance company offered to pay the plaintiff the reserve upon a surrender of the policy with a receipt or release from the beneficiary. A judgment for the plaintiff against the company for the full amount of the reserve was affirmed. It was held that the beneficiary had no right to the reserve part of the policy, nor any right to defeat the plaintiff in his effort to compel the defendant to pay it according to the terms of the policy.

In the present case the assignment to Catherine, the minor daughter, contained the same reservation, "reserving, however, my right to any monies due thereon during my lifetime or due at the maturity thereof should I be living." He is living; and neither his former wife nor daughter can assert any claims to the proceeds of the policy. As suggested in the brief of plaintiffs, he might have assigned it to his creditors or other parties and appellant's rights would in no way thereby have been affected.

The court ordered judgment on the pleadings. The former wife, Edna Dialtha White, alleged in her answer that the contract of insurance was executed in and to be fully performed in the state of Ohio, as an Ohio transaction and governed by the laws of that state, and contains a clause which reads:

"Which contract shall be held and construed to have been made in the city of Cincinnati, Ohio."

Upon this statement of the undisputed facts in the policy itself, she then alleges that all rights under the policy were fixed and determined by the laws of Ohio when the policy was issued, and that

under the laws of Ohio she became and is now the owner of a vested interest in the policy which cannot be affected or said policy assigned or surrendered without her consent, which consent has never been given. It was unnecessary for the court to inquire into the laws of Ohio on this pleading. It is a mere conclusion of law—and not good law at that. Were it conceivable that the laws of Ohio attempt to deny to the insured or his lawful assigns the right to recover the reserve due him in case he survived the endowment period and kept the policy alive, the courts of this state would refuse to follow such law. The right to the reserve fund under the contract of insurance is a chose in action which can be the subject of an absolute assignment. The assignee is entitled to maintain an action to collect the reserve. *Knapp v. Eldridge,* 33 Kan. 106, 5 Pac. 372, where it was said:

"Any right under the contract, either express or implied, may be transferred; this is so whether the amount is due . . . or to become due." (p. 108.)

We have been referred to no other clause in the policy which could reasonably be construed as the answer alleges. It should be observed that the insurance company made no such claim. It plead the various assignments and alleged that the controversy could not be settled without the former wife, the minor daughter and her trustee being made parties; and when the judgment of the court was pronounced the insurance company promptly paid the money into court. Plaintiffs were entitled to judgment on the pleadings.

The judgment is affirmed.