No. 30,390.

THE BANK OF IDANA, *Appellee*, v. ILLINOIS LIFE INSURANCE COMPANY, *Appellant;* CHARLES ROSS WORRALL and AMELIA MAY WORRALL, *Appellees*.

(9 P. 2d 629.)

Opinion filed April 9, 1932.

*C. Vincent Jones*, of Clay Center, for the appellant.

*D. Basil Rankin*, of Idana, for the appellee.·

The opinion of the court was delivered by

DAWSON, J.: The Bank of Idana brought this action to collect the cash surrender and investment values of a life insurance policy which had been assigned to it as security for a loan which the bank had made to the policyholder.

Briefly the facts were these: On May 23, 1910, Charles Ross Worrall received from the Illinois Life Insurance Company a life-

survivorship investment policy of insurance for $2,000. Worrall kept this policy in force for many years by paying the prescribed periodical premiums thereon. On January 26, 1929, Worrall borrowed from the Bank of Idana the sum of $1,000, payable in eighteen months with interest at 8 per cent per annum payable annually. As security he assigned to the bank his policy of insurance, his wife, who was the beneficiary named in the policy, joining with him in the assignment. The Illinois Life Insurance Company, appellant herein, executed its written consent to the assignment subject to conditions of no present consequence.

Worrall defaulted in payment of his note, at which time the total realizable value of the policy was $895.51, consisting of two items designated as its cash surrender value $522 and a so-called survivorship investment value of $373.51. The plaintiff bank notified the insurance company of Worrall's default and offered to furnish proof of the amount due it on Worrall's note secured by the policy assigned to it, and notified the insurance company, also, of its desire to collect the cash surrender and investment values of the policy. The insurance company replied that it would only pay the bank the amount demanded upon condition that a release of the policy signed by Worrall and wife were delivered to the insurance company. The bank could not procure any further or additional signatures from Worrall and wife than they had already executed when the policy was assigned to the bank.

Hence this lawsuit—for a judgment against Worrall on his note, and to bar Worrall and wife of any interest in the policy assigned to the bank, and for judgment against the insurance company for the cash surrender and investment values of the policy, $895.50, and for a decree that upon payment thereof the insurance company be released from liability to the Worralls, and that the bank have judgment against the insurance company for costs.

Service of summons was had on Charles Ross Worrall by publication only and he made no appearance in the action. His wife entered appearance and filed a formal disclaimer of any interest in the policy and prayed to be protected against costs.

The insurance company's demurrer was overruled and it then answered alleging, admitting, and pleading various matters—that plaintiff had no insurable interest in the life of Worrall; that the assignment was void; that plaintiff was neither a competent nor proper party to bring the action; that the options in the policy were per-

sonal to Worrall and could not be legally transferred to plaintiff; that personal service of summons had not been obtained on Worrall and that no judgment against him nor foreclosure of his interest in the policy had yet been obtained; and that defendant could not safely accept the policy from plaintiff and pay the sum demanded without the written consent of Worrall and wife.

Plaintiff replied denying some of the allegations of the answer and demurred to the others.

The cause was tried on the pleadings and on an agreed statement of facts submitted by plaintiff and the insurance company. Judgment was rendered in favor of the bank, and the insurance company appeals.

The errors assigned are predicated on the overruling of appellant's demurrer to the petition, the trial court's failure to render judgment for the appellant, and the overruling of its motion for a new trial. This specification scarcely enlightens the court as to what appellant contends was actually wrong with the judgment, and we are not a little perplexed to discover it on our own account. We have, however, carefully perused the briefs of counsel and shall make such observations on the case as are prompted thereby.

Since Worrall was shown to have become a nonresident, service of summons on him by publication was valid. (R. S. 60-2525.) The situs of the assigned policy was that of the plaintiff bank (*Heston v. Finley*, 118 Kan. 717, 236 Pac. 841), and an action *in rem* could properly be brought against Worrall in Clay county, where the bank was located, where Mrs. Worrall could be and was served personally with summons, and where the defendant company was sufficiently served to bring it into court.

Appellant projects the point that the bank took no step to cut off the rights of Worrall in the policy before bringing this action. An action by a creditor's bill was not a prerequisite to this action. The present cause of action grew out of what was in effect a tripartite transaction in which plaintiff, Worrall, and the insurance company participated; and all the pertinent facts relating thereto were matters of inducement proper to be considered either in the pleadings or in the agreed statement of facts; and not only were all the parties concerned properly brought in, but the judgment might have been ineffective if any of them had been left out.

It is suggested that the bank did not have a power of attorney to collect the cash surrender value of the policy. We hold that the

assignment executed by Worrall and consented to by the appellant, together with Mrs. Worrall's disclaimer, had all the potency of a power of attorney. No court would countenance the idea that the insurance company's consent to the assignment was a mere idle gesture without legal significance. If the insurance company had any objection to the assignment of the policy its time to speak was when its consent was requested. It is a sheer waste of words for the insurance company to suggest that the options in the policy were personal to Worrall and could not be exercised by anyone except himself and such other persons as he had duly authorized to exercise them. It is familiar law that where the insured has the right to change the beneficiary or where the beneficiary assents thereto, as in this case, a policy of insurance may be pledged or assigned to a creditor as security for a debt. If there was anything in this policy which took it out of the ordinary rule appellant has failed to indicate it. And the execution of the assignment and its delivery to the bank, together with the simultaneous delivery of the policy, was a sufficient grant of power to the bank to exercise the option of drawing down the surrender and investment values of the policy.

Among other matters discussed in appellant's brief it expresses a doubt that the bank had an insurable interest in the life of Worrall. But a painstaking examination of our decisions should have dissipated any doubt appellant may have entertained on the question whether the bank as creditor of insured and as assignee of his policy—the wife of the insured having consented thereto—had an enforceable interest in the realizable proceeds of that policy to the extent of what is due it. It had such interest. (*Shawnee State Bank v. Royal Union Life Ins. Co.*, 127 Kan. 456, 274 Pac. 132; *Elmore v. Continental Life Ins. Co.*, 131 Kan. 335, 281 Pac. 755. See, also, *Jenkins v. Insurance Co.*, 112 Kan. 552, 212 Pac. 363; *Antley v. N. Y. Life Ins. Co.*, 139 S. C. 23, 60 A. L. R. 184 and note; Vance on Insurance, 138-144; 37 C. J. 444.)

The judgment in this case amply safeguards the insurance company against any fanciful claim of Worrall. His interest in the policy passed to plaintiff by valid assignment and was foreclosed by the court's decree which directed that it be delivered to appellant upon its satisfaction of the judgment.

The other matters suggested in the laborious and exhaustive brief of appellant's counsel have not been overlooked, but we discern nothing further therein which would warrant discussion. According

to our view there was nothing in this tripartite transaction out of which to make a lawsuit. The transaction itself was one of commonplace with which banks, borrowers and insurance companies are familiar. The legal questions presented by the record are too simple to justify juridical dissertation.

The judgment is affirmed.