No. 19,881.

JOHN W. MATTHEWS, *Appellant*, v. C. A. McNEILL et al., Partners, etc., *Appellees*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Defense—Fraud—Contravention of Public Policy —Facts for the Jury*. The invalidity of a note and mortgage, attacked as fraudulent and void because given in pursuance of a contract contravening public policy, held not to be established as a matter of law by the undisputed facts or the findings of the jury.

2. PRIVILEGED COMMUNICATIONS—*Who May Claim Privilege*. No one but the client, or one in privity with him, can found an appeal upon the admission of evidence in violation of the privilege with respect to confidential communications to an attorney.

3. TRIAL—*Evidence—Instructions*. An instruction limiting the effect of evidence held not to have been prejudicial to a party who objected to its admission for any purpose.

4. COMPROMISE AND SETTLEMENT—*Action to Set Aside—Evidence*. In an action to set aside a compromise of a disputed claim as fraudulent and unconscionable, the defendant may show statements made to him by other persons, if they tend to show his own good faith.

5. SAME. Various items of evidence held to have been properly admitted.

6. ACTION—*Relief on Ground of Fraud—Evidence—Instructions*. In an action for relief on the ground of fraud, an instruction that the plaintiff must satisfy the minds of· the jury by the fair weight or preponderance of the evidence does not impose too severe a requirement upon him.

7. TRIAL—*Instructions*. Various instructions held not to be erroneous as introducing extraneous issues.

8. TRIAL—*Special Questions*. Various special questions submitted by the court to the jury held not to show a trial on a wrong theory.

9. PROMISSORY NOTE—*Verdict—Judgment*. A judgment on a note and mortgage may be rendered on a verdict in favor of the holder which does not state the amount due, where the only question in dispute was their validity.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 6, 1916. Affirmed.

*E. M. Tracewell, W. J. Moore*, both of Columbus, *F. M. Brady*, of Oswego, and *Edward E. Sapp*, of Galena, for the appellant.

*J. W. Iden, E. L. Burton*, and *George F. Burton*, all of Parsons, for the appellees.

The opinion of the court was delivered by

MASON, J.: On January 3, 1913, a complaint drawn by lawyers employed by relatives of the complaining witness was filed with a justice of the peace of Cherokee county, charging John W. Matthews with carnally knowing Edith White, a girl sixteen years of age. A warrant was issued but never served. The same lawyers about the same time began two actions against Matthews, one in behalf of the girl and one in behalf of her father, in each asking $15,000 damages for her seduction. Attachments were issued and levied upon property appraised at $9823. Early in the preceding month the defendant had executed and recorded a deed and bill of sale undertaking to transfer to his brother all his property, and had then left the state. On January 18, 1913, he came to Joplin, Mo., and employed a lawyer to represent him in the criminal case, which had, however, already been dismissed, and in the two civil cases. A meeting with the lawyers for the plaintiffs in the civil actions was arranged at Joplin, at which an agreement was reached for a compromise and settlement of the cases by the payment of $8861.30. A note for this amount, payable to the lawyers who had brought the actions, and secured by a real-estate mortgage, was executed by Matthews, and the cases were dismissed. Later Matthews brought the present action, seeking to set aside the note and mortgage. A jury trial resulted in a verdict for the defendant, on which a judgment was rendered for the amount of the note and for the foreclosure of the mortgage, from which the plaintiff appeals.

It developed at the trial that on February 17, 1913, Matthews had been arrested upon a new complaint, charging him with rape, that a trial had been had, resulting in a disagreement of the jury, and that the case had then been dismissed.

(1) The grounds upon which the plaintiff asked to have the note and mortgage canceled were: (1) that his signature was obtained by means of various false statements knowingly made, chiefly that the girl had become pregnant and had a miscarriage, and that her father would not consent to a settlement for less than the amount named; (2) that it was also obtained by duress, under a threat of criminal prosecution; (3) that the settlement made was unconscionable; and (4) that it was against public policy. It is contended that the undisputed or established facts compel the conclusion that the note and mortgage were void because given in pursuance of a contract condemned by public policy, but we do not find that to be the case. The amount for which the note was given was fixed by the defendants by adding to the sum' for which they would otherwise have been willing to settle, various items of expense which they claimed to have incurred in connection with the litigation. In this was included three dollars which one of them had paid as the fees of the justice of the peace and constable in the first criminal case. The inclusion of this amount in that for which the settlement was made did not characterize the transaction as one intended to dispose of the criminal charge. The jury found that the complaint in the second criminal prosecution was filed to force the payment of the note and mortgage, but this was after their execution, and did not affect their validity. There was a direct conflict in the oral testimony as to whether threats of prosecuting Matthews criminally were made to induce the settlement, and as to whether an express or implied promise of immunity from such prosecution was a part of its consideration. The verdict and findings of the jury, approved by the trial court, must be regarded as having determined against the plaintiff these and all other disputed matters of fact, and it remains only to consider the specific rulings of the trial court the correctness of which is challenged.

(2) The defendants were allowed to testify to the story told them by Edith White covering her relations with Matthews.

An objection is made on the ground that the rule regarding privileged communication from client to attorney was thereby violated. The girl afterwards took the stand and went over the same ground herself, so that she could be regarded as having waived the privilege, if such a waiver were necessary to support the ruling. (*In re Burnette*, 73 Kan. 609, 85 Pac. 575; *Insurance Co. v. Brubaker*, 78 Kan. 146, 96 Pac. 62; *Armstrony v. Street Railway Co.*, 93 Kan. 493, 144 Pac. 847.) But in any event the confidential character of communications made by Edith White to her attorneys was no matter of concern to the plaintiff in this case, and he can not be heard to complain of their admission in evidence. The usual, and as we think the better, rule is that no one but the client, or one in privity with him, can found an appeal upon the violation of this privilege. (40 Cyc. 2394; 4 Wigmore on Evidence, § 2321. See, also, *Hauk v. The State*, 148 Ind. 238, 260, 46 N. E. 127; *Pierson v. The People*, 79 N. Y. 424; *Dowie's Estate*, 135 Pa. St. 210, 19 Atl. 936.)

(3) The same evidence is also objected to as hearsay, and as foreign to the issues. The plaintiff alleged that the defendants, in the negotiations leading to the settlement, had knowingly misrepresented the condition of the girl. The defendants denied this, and the evidence referred to was pertinent to the issue so raised, and competent, as tending to show reasonable grounds for believing what they had said, good faith on their part being necessary to sustain the compromise. (5 R. C. L. 882, 883.) Therefore the evidence was properly admitted.

(4) The court instructed the jury that they were to consider this evidence only for the purpose of determining whether the defendants were prompted to institute the criminal action by proper or improper motives. The propriety of the defendants' motives in regard to the bringing of the criminal action would seem to be material only in throwing possible light on the probability of the threat of a prosecution having been an inducement to the settlement, but no prejudice to the plaintiff could have resulted from limiting to that issue the effect of the evidence to which he objected.

(5) The plaintiff contends that other evidence was admitted which was outside of the pleadings, and objectionable because tending to distract the attention of the jury from the real

issues, citing in this connection the testimony (1) of the defendants as to what the girl's father had told them regarding terms of settlement, (2) of a doctor that upon examination he found her pregnant, and (3) of the girl herself as to her rela-· tions with the plaintiff. The first was material because the petition alleged that the defendants had knowingly misrepresented the amount for which the father was willing to com-- promise; the second because it alleged that they had falsely stated that the girl had become pregnant; and the third because the plaintiff had taken the stand and denied ever having had sexual intercourse with her.

(6) An instruction was given to the effect that upon the issue of fraud the plaintiff was required to satisfy the minds of the jury by the fair weight or preponderance of the evidence. The plaintiff contends that this imposed too severe a requirement upon him, citing *Callison v. Smith,* 20 Kan. 28. The instruction there condemned imposed upon the plaintiff the burden of proving his case by such a preponderance of the evidence as "clearly" outweighed the evidence on the other side. If the phrase regarding satisfying the minds of the jury implies anything more than that the party having the burden of proof can prevail only by a preponderance of the evidence, it is not objectionable in a case based on the claim of fraud. (*Insurance Co. v. Rammelsberg,* 58 Kan. 531, 50 Pac. 446.)

(7) The plaintiff criticises several instructions as tending to mislead the jury by reference to extraneous matters. The court stated in a general way what facts would have authorized judgments against Matthews in favor of Edith White and her father. One of the plaintiff's claims being that the settlement was unconscionable, it was proper that the jury should be sufficiently advised to judge of the fairness and good faith of the money demands made against him. A definition of statutory rape was included in the charge. While this may not have been necessary, it was not prejudicial, particularly as the plaintiff introduced evidence of the prosecutions begun against him on that charge.

(8) The plaintiff contends that the fact that the case was presented to the jury upon a wrong theory is shown by the submission to the jury of special questions eliciting answers (1) that Matthews had had sexual intercourse with Edith

White; (2) that he had agreed to marry her; (3) that he seduced her; (4) that a second complaint was filed against him; and (5) that the settlement for $8861.30 was not unconscionable. The first three were pertinent as bearing upon the good faith and validity of the claims made against Matthews; the plaintiff had introduced evidence relating to the first, third and fourth; and the fifth was responsive to an issue tendered by the petition.

(9) The verdict showed a finding for the defendants without naming any amount. The plaintiff suggests that on this account it was insufficient to support a judgment on the note and mortgage. The only dispute related to the validity of these instruments, which was established both by the general verdict and the special findings. The amount due was a mere matter of computation and did not require to be stated by the jury. (*Smith v. Railway Co.*, 90 Kan. 757, 136 Pac. 253.)

The judgment is affirmed.