McCORMICK *v.* STATE.

(Division B. March 9, 1931.)

[132 So. 757. No. 29183.]

J. M. Travis, of Meridian, for appellant.

**H. L. Finch,** for appellant.

**Eugene B. Ethridge,** Assistant Attorney-General, for the state.

Argued orally by **J. M. Travis**, for appellant, and by **Eugene B. Ethridge**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

About dark on a Sunday evening a number of negroes were at a restaurant, and, according to the proof offered by appellant, the deceased, a woman, got into an altera- cation with one of the men there, with the result that de- ceased cut, or attempted to cut, this man with a pocket- knife. The man ran, and deceased, still armed with the knife, followed, but was outdistanced; whereupon de- ceased returned to the restaurant. It appears that dur- ing the altercation with the man he had hit the deceased in some such manner as to cause several women to laugh.

When the deceased returned to the restaurant, which was in a few minutes, she immediately accosted three of the women, and in a loud voice and resentful manner demanded to know why they had been laughing at her when she was hit, and, according to appellant's wit- nesses, deceased was then still armed with the knife,

and was threatening to cut out the hearts of the three women thus attacked. Two of these women were the appellant and her sister. All the witnesses agree that the deceased had taken hold of appellant's sister, and appellant's witnesses assert that the conduct of deceased at that time was such as to indicate a purpose on the part of deceased to use the knife in an immediate deadly attack on appellant's said sister. At this juncture, appellant got a knife from her purse, and inflicted a wound upon deceased from which death resulted in a short while.

It was shown by all the witnesses who were interrogated upon that issue that the general reputation of the deceased in the community for peace or violence was bad, and all the witnesses agree that the deceased was the aggressor in the attack upon appellant's sister. The remaining issues were whether, at the time appellant stabbed the deceased, the latter was, in fact or according to reasonable appearance, then armed with a knife, and whether her conduct, all the circumstances considered, was such then and there as to reasonably indicate a purpose on her part to use the knife on appellant's sister. In order that there should be a fair and dependable elucidation and solution of these latter issues, it was necessary for the facts set out in the first paragraph hereinabove to be placed before the jury; but these facts were excluded by the court, and, in our opinion, the error in this respect is reversible.

Continuous acts or a series of events, especially when closely connected in point of time, which lead up to and are necessary or clearly helpful to a correct understanding of the main transaction—which tend to explain and elucidate the conduct and purposes of the parties—are as much of the res gestae as the direct act itself, and are admissible as a part of the transaction. 16 C. J., pp. 572, 573; 30 C. J., pp. 194, 195; 6 Ency. Ev. pp. 610-612.

Reversed and remanded.