EARL *v.* STATE.

(Division A.   Dec. 4, 1933.)

[151 So. 172.   No. 30834.]

Jones & Turner and W. M. Hutto, all of Waynesboro, for appellant.

126

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

J. B. Earl, a white man, was convicted on an indictment charging him with assault and battery, with an intent to kill and murder one Boss Hinton, a negro, and was sentenced to serve three years in the penitentiary.

We shall not detail the facts, as the case must be tried again. Suffice it to say that the prosecuting witness, Boss Hinton, made out a case of assault and battery with an intent to kill and murder him by the appellant using a knife and seriously wounding the said Hinton, according to the evidence of the physician who attended him.

The appellant's evidence was to the effect that he acted purely in self-defense; Hinton being the aggressor throughout in the difficulty, which seemed to have been brought about by Hinton climbing a fence instead of going through the gate.

Hinton was allowed to testify that in August, 1932, prior to the difficulty, the appellant was in the habit of visiting Hinton's home and showing undue attention to his fourteen year old daughter, and other like matters not necessary to detail. In rebuttal, Hinton's wife and the mother of the girl was permitted to testify for the

state, that on one occasion about ten months before the difficulty she saw her daughter running toward her home being pursued by the appellant. All of this testimony was offered for the purpose of showing that the appellant cherished ill will toward the prosecuting witness because of the attention shown by appellant to the mulatto girl. This evidence was permitted to go to the jury over the objection of the appellant.

It is assigned as error that the evidence with reference to the attention of Earl to the little negro girl and her father's objection thereto was permitted to be introduced.

No connection whatever is shown between this difficulty in which the appellant stabbed Hinton and the matters just mentioned, and we are of the opinion that the court erred in permitting this evidence to be heard and considered by the jury.

In Cotton v. State, 17 So. 372, this court held that "The admission of evidence that the defendant on trial for murder had, a week before the killing, ravished the daughter of the deceased, was reversible error," and Judge Cooper, as the organ of the court, said: "The fact . . . that the appellant had ravished the daughter of the deceased very naturally suggests that the deceased might have had a motive to kill the accused, but it does not suggest naturally that the accused would therefore have had a motive to kill the deceased."

In the case at bar, the evidence mentioned above did not tend to prove that the appellant was the aggressor in this difficulty, and the fact that the appellant had pursued the girl ten months before was wholly disconnected from the facts and circumstances surrounding this difficulty. The rule on which anterior evidence is admissible as a defense may be found in the following cases: McCormick v. State, 159 Miss. 610, 132 So. 757; Lee v. State, 160 Miss. 618, 134 So. 185; and Cartee v. State, 162 Miss. 263, 139 So. 618.

It is also complained that the court erred in giving for the state the following instruction: "The court

charges the jury for the State that murder is the killing of a human being with malice aforethought and not in necessary self-defense, and in this case you are charged that if you believe from the evidence, beyond a reasonable doubt, that Earl cut Hinton at a time when his own life was not in danger, and he was not in fear of bodily harm, and not in necessary self-defense, it will be your sworn duty to convict, and you are further charged that no measure of time is necessary in which a person may form malice in his mind, but the same may be done in an instant.''

This instruction omits the requirement that the killing should be without authority of law to constitute murder; and, further, the instruction does not require the jury to believe that the cutting was done with the intent to kill and murder Hinton, and the omission is fatal to the conviction, and the error is not cured by other instructions.

It is the element of intent that raises the crime to the dignity of a felony and distinguishes it from a misdemeanor. See Jeff v. State, 37 Miss. 321; Hairston v. State, 54 Miss. 689, 28 Am. Rep. 392; Herring v. State, 134 Miss. 505, 99 So. 270; and Lott v. State, 130 Miss. 119, 93 So. 481.

There were two other instructions granted for the state which are subject to criticism, but which will likely not occur again on the next trial in the light of what we have here said.

For errors in granting the instruction and admitting evidence as detailed above, this case must be remanded for a new trial.

Reversed and remanded.