MADDOX *v.* STATE.

(In Banc. Oct. 7, 1935. Suggestion of Error Overruled Nov. 11, 1935.)

[163 So. 449. No. 31831.]

L. C. Gwin and O. M. Hornsby, both of Natchez, for appellant.

**W. D. Conn, Jr.,** assistant attorney-general, for the state.

802

**McGowen, J.,** delivered the opinion of the court.

Appellant was tried and convicted in the circuit court of Adams county on an indictment charging him with the murder of Lawrence Neece and was sentenced to be hanged. From that judgment he appeals here.

The facts necessary to state are that appellant's sister, Florida, married Neece and to them a child was born, which at the time of the killing was about two years old. Later she secured a divorce from Neece and married Matthieson, but a short time before this homicide occurred she had returned to Neece, without a divorce from Matthieson, and was living in his home in that section of Natchez known as "under the hill." One witness testified that on the evening before the homicide appellant was seen oiling his gun and heard to make a threat that he would get Neece. On the morning of the homicide Shea was at the home of Neece and Florida was also there. The appellant went to the home of Neece and had a conversation with him. Shea testified that he heard Neece tell the appellant, "You are not going to hit her where I am," and that the appellant drew his gun and said to his sister, Florida, that he would give her three minutes to get her things and get up the river bank; that Neece got his gun and asked Florida if she wanted him to go with her. They left the house going north up the river, toward appellant's house; they were in single file with Florida in the lead, Lawrence Neece immediately behind her, then the appellant, and then the witness Shea. Florida had the child it her arms when they left but handed it to Neece. After they had pro-

ceeded a short distance, Neece gave the baby back to Florida and a combat ensued between appellant and the deceased. The first blow seen by any state witness was apparently struck by the appellant. The appellant drew his gun, Neece thereupon hit him and knocked him off his balance, and he stumbled and fell down the embankment of a ditch; the two men fought for the possession of the gun, and it was fired two or three times while they were down in the ditch. Neece called to Shea to come help him get the gun, and Shea took the gun away from the appellant; appellant saying: ''I am going to kill you if it is the last thing I do, you have taken my gun.'' Neece told Shea to unload the gun and hand it back to Maddox. Neece had his own gun, but made no effort to use it on the appellant. The witness was unable to unload the gun and handed it back to Neece, who took the gun and started running up the bank, away from the defendant. The appellant ran after Neece. The witness saw one of the parties make a ''lunge'' at the other, but he did not see anything further of the difficulty.

Mrs. Matthieson testified substantially to the same facts as did Shea, except that she said that her brother, Maddox, pursued Neece and when he got close to him, Neece turned and faced him and pushed him back with the handle of the gun, holding the barrel in his own hand, and thereupon Maddox stabbed Neece. Mrs. Matthieson saw that he was stabbed in the breast. He was carried to a hospital, where he lived only a few minutes, and the physician, Dr. Everett, testified that the wound was in the left breast, penetrated the heart, and was the cause of his death.

The appellant offered his wife and another occupant of his house as witnesses, and they testified that they saw the beginning of the combat and that Neece struck Maddox the first time; they did not see the termination

of the difficulty. The appellant offered evidence of threats against his life made by Neece.

1. It is contended that because the appellant was engaged in an effort to prevent the continuance of the crime of adultery between Neece and Florida Matthieson, he could not be convicted of a higher crime than manslaughter, and the court should have granted an instruction to that effect; further, that the overwhelming weight of the evidence shows the appellant killed Neece in an effort to prevent the crime of adultery from being continued, and therefore he could not be convicted of murder, relying on section 995, Code 1930.

In the first place, the evidence in this case does not disclose that appellant was engaged in an effort to prevent the continuance of the crime of adultery; it does not appear that the crime of adultery had been committed; it does disclose that upon appellant's order for her so to do Florida Matthieson was leaving Neece's home. Aside from that, no crime of adultery is intimated as having been committed or threatened in the presence of appellant, which would be essential to avail of the above statute as a defense, reducing the crime from murder to manslaughter.

Upon all the facts of this case it was a question for the jury as to whether the appellant was guilty of murder or manslaughter.

2. On a motion for a new trial the affidavit of a witness was presented which undertook to show that Shea, the state witness, was pursuing the appellant as he pursued the deceased, and that the witness had heard both Shea and Neece make threats against the life of the appellant. The witness was available but was not offered on the motion. Viewing this affidavit in its strongest light, the evidence was only cumulative and tended in some measure to impeach the witness Shea, and it was not error to refuse a new trial on it. Powers v.

State, 168 Miss. 541, 151 So. 730, and authorities there cited; Blevins v. State, 169 Miss. 868, 154 So. 269.

3. When Dr. Everett was offered as a witness, the appellant objected to his testimony on the ground that the doctor was the attending physician of the deceased, and therefore was incompetent under section 1536, Code 1930. The evidence of Dr. Everett was as to the nature and effect of the wound found upon the body of the deceased. In the case of Davenport v. State, 143 Miss. 121, 108 So. 433, 45 A. L. R. 1348, this court held that where a person is on trial for the unlawful killing of another, it is not reversible error under section 3695, Code 1906, to admit the testimony of the physician who attended the deceased with reference to the condition of his wounds, nor can the privilege be invoked by one accused of the crime as to information respecting the condition of his victim. Section 3695, Code 1906, has been re-enacted as section 1536, Code 1930, in exactly the same language; therefore Davenport v. State, supra, is controlling in this case, and it was not reversible error to admit the evidence of Dr. Everett.

We find no error in this record, and Friday, November 15, 1935, is fixed as the date for the execution of the death penalty.

Affirmed, and Friday, November 15, 1935, fixed as date of execution.