CARR *v.* STATE.

(Division A.   Mar. 2, 1936.)

[166 So. 363.   No. 32003.]

**O. M. Oates,** of Bay Springs, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

On an indictment charging him with the murder of Seth Kelly, the appellant was tried and convicted. The jury was unable to agree on the punishment, and the court imposed a sentence of life imprisonment in the state penitentiary.

The homicide occurred at a negro Baptist church in Jasper county. Three negroes, John Willie Carr, Carzell Carr, and Henry Moffatt, were jointly indicted for the crime. There was a motion for a severance, which was sustained, and appellant was the first one tried.

The evidence shows that the sheriff reached the scene of the homicide a very short time thereafter. He found the deceased, Kelly, lying on the ground at the eave of the church with four knife wounds on his body, one of which was a wound that extended from the back of the neck around to the front of the throat, severing the jugular vein.

The testimony of the main eyewitnesses for the state shows that these three codefendants went into that church, and, after being inside for a short time, went out. There was evidence that the defendants were "wobbly" or staggering as they left. In a short time they provoked a difficulty with one Willie Campbell on the outside of the church, and appellant, with his knife open, accompanied by his codefendants, chased Campbell to a point close to the church, where he picked up a brick or a rock. Several persons came out of the church to quiet the disturbance; one being Seth Kelly. Kelly walked to where the three were standing near Campbell, and touching John Willie Carr on the shoulder, advised him to quiet down, that they might get into trouble and it might cost them something. Immediately after this statement was made, the appellant turned on Kelly and asked him, "What is it to you?" and simultaneously cut him with a knife down the middle of the face. Kelly started backing away, with John Willie Carr advancing

on him with the knife. The appellant cut Kelly about the neck with his knife, and, while still backing away, Kelly got his knife out of his pocket, opened it, and attempted to defend himself by waving the knife in his hand. Carzell Carr produced a razor and joined in the attack on Kelly. Then Moffatt struck Kelly with a stick, knocking him almost, if not entirely, down. Thereupon the appellant rushed in, set his knife in the back of Kelly's neck and cut it from there to a point under the chin, severing the jugular vein and cutting his head almost half off of his body. Kelly dropped to the ground. The appellant, according to the witnesses for the state, then said, in substance, that Kelly looked good to him lying there on the ground bleeding. The appellant left the scene of the murder and went to another county and was later arrested on the streets of Newton in Newton county.

The testimony of appellant, as a witness in his own behalf, tended to make out a case of self-defense; he stated that Kelly was the aggressor and cut him with a knife before he (appellant) cut Kelly. There was evidence that Kelly had made a threat to take the life of the appellant. A witness, Vida Carr, to some extent substantiated appellant's testimony, although she did not say which of the two first cut the other.

The first assignment of error is that the court erred in allowing testimony as to the acts and statements of the codefendants, Carzell Carr and Henry Moffatt, during the difficulty, because there had been a severance granted and there was no proof of any conspiracy. Appellant cites the case of Browning v. State, 30 Miss. 656, in which this court held that the fact that several parties are jointly indicted for the same offense does not render the acts and declarations of one evidence against another. The court further held that it is a universal rule that, before the acts and declarations of one of several defendants can be admitted in evidence against the others, proof sufficient, in the opinion of the court, to establish,

prima facie, the existence of a conspiracy, must be adduced. No such case as was there considered is before the court now. It was wholly unnecessary to prove a conspiracy. The acts of the three were affirmative, positive participation in the homicide, one by cutting several times, another by assaulting Kelly with a stick, and the other by rushing in with a razor.

A strikingly similar case was considered by this court in McCoy v. State, 91 Miss. 257, 44 So. 814, 816, wherein Judge Whitfield said, in part: "Now, we remark, first, in answer to the first branch of this contention, that everything done by either of these parties at the time they were upon the deceased, both stabbing him with some sharp instrument, was competent as part of the res gestae. The case of Pulpus v. State, 84 Miss. 49, 36 So. 190, is not at all in point here. Learned counsel for appellant misconceive the true purport of that case. The parties in that case, who had rabbit sticks in their hands, had nothing whatever to do with the killing. They did not participate in the killing in any way whatever. They were mere bystanders. Both these parties were on top of the deceased, and both stabbing him repeatedly with some sharp instrument, which manifestly produced his death. To hold in a case like this that what was done by one could not be proven by evidence in the trial of the other would be equivalent to holding that in such case neither could be convicted of murder at all, in the absence of proof of conspiracy. To state this is certainly to demonstrate its plain unsoundness. In 12 Cyc., at page 437, it is said: 'The declarations and acts of any participant in a crime, present at its commission, are competent against all then present. It is sometimes intimated that declarations uttered under such circumstances are received against the accused as the statement of a co-conspirator; but the true rule is that these declarations by one are admissible against all, under the rule in relation to res gestae.' This is unquestionably the true foundation of the competency of such tes-

timony.'' Also see Sparks v. State, 113 Miss. 266, 74 So. 123; Anderson v. State, 171 Miss. 41, 156 So. 645.

Under the circumstances of this case, the action of any or all of the defendants then and there present engaged in the killing was competent as a part of the res gestae.

■ It is insisted that the court erred in allowing evidence as to the difficulty between the three defendants and Willie Campbell, which started just before the homicide was committed. Appellant urges that this evidence was proof of another crime and should not have been permitted. We do not find in the record where this point was made. In his brief counsel argues that the court permitted the witness to go ''too far,'' or too much into detail. As we read the record, Willie Campbell was the only witness who detailed the circumstances of his difficulty, and there was no objection to his testimony in this respect. That would be sufficient to dispose of the case if that were a separate crime; however, as we view this record, the difficulty which started with Campbell continued to the church door and was interrupted only by parties seeking to quell the disturbance, and the one difficulty merged directly into the other. In other words, if this be called two difficulties, each is parcel and part of the same transaction, and therefore testimony relating to either is admissible, especially when it is necessary to shed light upon the action of the parties or to understand their actions in the main transaction. In McCormick v. State, 159 Miss. 610, 132 So. 757, this court said: ''Continuous acts or a series of events, especially when closely connected in point of time, which lead up to and are necessary or clearly helpful to a correct understanding of the main transaction—which tend to explain and elucidate the conduct and purposes of the parties—are as much of the res gestae as the direct act itself, and are admissible as a part of the transaction. 16 C. J., pp. 572, 573; 30 C. J., pp. 194, 195; 6 Ency. Ev., pp. 610-612.''

See, also, Cartee v. State, 162 Miss. 263, 139 So. 618; Marley v. State, 109 Miss. 717, 69 So. 210.

■ Complaint is made because of the refusal of an instruction requested by the appellant. The court was clearly correct in refusing this instruction.

We find no reversible error in the record.

Affirmed.