MARTIN *v.* STATE.

(In Banc. February 23, 1948.)

[33 So. (2d) 825. No. 36435.]

**Alexander & Feduccia**, of Cleveland, for appellant.

**Greek L. Rice,** Attorney General, by **John Kuykendall, Jr.,** Assistant Attorney General, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Appellant appeals from a conviction of assault with intent to murder his father. The record presents a substantial issue of fact for the jury.

We have considered the assignment relating to the State's only instruction. Its concluding clause "and this is true regardless of every other fact and circumstance in this case" has been condemned many times. Cole v. State, 172 Miss. 19, 159 So. 296, 298; Earl v. State, 168 Miss. 124, 151 So. 172. We are of the opinion, however, that the issues and controlling principles were sufficiently set out in the instructions as a whole and that no reversible error was committed.

Complaint is made of the allegedly intemperate remarks of the special prosecutor during cross-examination. We conclude that the consistent exclusion thereof by the trial judge denied to these over-zealous comments any substantial prejudice to the defendant.

The conduct and exclamations of the prosecuting witness made shortly after the assault are made the basis of an assignment of error. The witness was allegedly fleeing from the defendant after having been wounded by him, and was seeking refuge in a neighbor's home. We are of the opinion that this testimony concerned verbal acts and was closely associated with the assault, and were followed almost immediately by the appearance of the

defendant who was still armed with the weapon theretofore used, and were not objectionable.

The most serious assignment relates to the introduction of a letter written by the wife to the prosecuting witness who was then in a hospital under treatment for the wounds caused by the defendant. The husband sought to waive the privilege as such, but counsel for the defendant objected to its introduction, on behalf of the wife and the defendant.

We hold that the letter was a privileged communication and ought not to have been admitted. The basic inquiry, however, is whether the defendant may assign the error upon appeal. The privilege is for the protection of the husband and wife and the marital relationship. As such it ought to be respected whether either spouse is a party or not. Carter v. State, 167 Miss. 331, 145 So. 739. The error in its admission, however, is one against the wife who was a witness. The defendant is in no position to complain of the error on appeal unless of course the letter is otherwise inadmissible. Upon the latter point, appellant stresses only its inherent privilege stating that the "letter was prejudicial to the rights of the defendant, the same being incompetent, irrelevant and immaterial."

It is stated in Wigmore on Evidence, Section 2196: ". . . The party against whom the testimony is brought has no right to claim or to urge the exemption on his own behalf; and, on the witness' behalf, the Court is to be left to accord the protection if it is a proper one.

"(2) (a) An *improper ruling* by the Court, upon a question of privilege, *cannot be excepted to by the party* as an error justifying an appeal and a new trial, if the ruling *denies the privilege* and compels the witness to testify. By hypothesis, the privilege does not exist for the benefit of the party nor for the sake of the better ascertainment of the truth of his cause. The offered testimony is relevant, and is, in all other respects than the privilege, admissible. The admission of it, by denying the privi-

lege, has not introduced material which in any way renders less trustworthy the finding of the verdict; on the contrary, only the exclusion of it could have been an obstacle to the ascertainment of the truth. The only interest injured is that of the witness himself, who has been forced to comply with a supposed duty, which as between himself and the State did not exist; his remedy was to refuse to obey, and to appeal for vindication if the Court had attempted improperly to use compulsory process for contempt. . . . ''

This principle is supported by many authorities, among which are State v. Deslovers, 40 R. I. 89, 100 A. 64; Matthews v. McNeill, 98 Kan. 5, 157 P. 387; Thrasher v. State, 92 Neb. 110, 138 N. W. 120, Ann. Cas. 1913E, 882; Vickers v. State, 92 Tex. Cr. R. 182, 242 S. W. 1032; Victor v. Commonwealth, 221 Ky. 350, 298 S. W. 936; White v. White, 101 Minn. 451, 112 N. W. 627; Coles v. Harsch, 129 Ore. 11, 276 P. 248; Underhill, Criminal Evidence, Section 349; 70 C. J., Witnesses, Section 619, p. 456. In line with these decisions are those of this Court which have held that in a murder case a defendant may not set up for error the admission of a privileged communication between third persons. Davenport v. State, 143 Miss. 121, 108 So. 433, 45 A. L. R. 1348; Maddox v. State, 173 Miss. 799, 163 So. 449. The former case is cited with approval in Cabe v. State, 182 Ark. 49, 30 S. W. (2d) 855, and is annotated in 45 A. L. R. 1348. See also McBride v. State, 188 Miss. 620, 196 So. 633.

In many cases absence of error is predicated upon the fact that the contents of the communication are in themselves without prejudice. Among these are Carter v. State, supra, where special emphasis upon the sacred character of such communications did not prevent examining the contents with a view to adjudging whether they were prejudicial to the defendant.

In addition, it may be noted that this witness voluntarily took the stand in behalf of the defendant, her son, and in her direct testimony, in response to questions by

counsel for defendant, she testified at great length detailing private conversations between herself and her husband, occurring over a period of time, depicting the mutual feelings between the husband and son and wife-mother, and numerous overt acts of hostility between the father and son. All of this was admitted without objection as hearsay or privilege communications between husband and wife. The letter was introduced for the purpose of contradicting the foregoing testimony of this witness. The direct contradictions between the contents of the letter and her statements were slight, and, in our opinion, did the defendant no harm. The letter did contain some recitals additional to the related conversations, but such additional statements were helpful rather than prejudicial to the defendant.

Affirmed.

SPECIALLY CONCURRING OPINION.

**Griffith, J.**, delivered a specially concurring opinion.

Communications between husband and wife made under the sanctity of the marital relation are protected from disclosure in any court of law or equity without the consent of both of them—this upon profound principles of public policy, in order that they may communicate with each other freely without apprehension that such confidence can at any time and in any event be violated. It equally applies when one only of them is a party and when neither is a party, and solely by force of the statute is withdrawn only when they are adversary parties. The reason for the rule is all the stronger when neither is a party, and, as intimated in Carter v. State, 167 Miss. 331, 145 So. 739, it would be the duty of the court to exclude of its own motion, for in such a case, without the intervention by the court, the husband or wife would be helpless to preserve the rule whatever the unlawful intrusion.

It is, therefore, only by what is said in the concluding paragraph of the main opinion that this conviction may properly be saved from a reversal. Here the husband furnished the letter in question to the prosecuting officers, thereby consenting to the disclosure, and the wife on her part took the witness stand and testified about what was substantially the same matters dealt with in the letter, thereby lifting it from its confidential character so far as she was concerned.