BALLOW *v.* STATE.

No. 39249          October 18, 1954          74 So. 2d 854

*Wright & Prude,* Amory, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant, Robert Smith Ballow, was jointly indicted with Mack Wood, W. R. Scott, and Earnest Rose for the crime of robbery with firearms. A severance was granted, and the appellant was tried and convicted and sentenced to serve twenty-five years in the penitentiary, from which judgment he appeals.

This case arose out of substantially the same state of facts as did the case of Mack Wood v. State, No. 39,250, this day decided. The facts are stated in the opinion in the Mack Wood case, and we will not repeat them here. We will add that the proof shows that only one automobile arrived at the Hendrix home on Coontail road, in Monroe County, at about 2:00 A. M. on June 18, 1953, and that appellant and the three other men jointly indicted with him went there together in that car; that appellant was one of the two men first entering the Hendrix home, which the jury had a right to believe was a part of the crime, although appellant and Rose went outside before Rose and Wood went back into the house to perpetrate the crime. After the assault and robbery took place inside the Hendrix home, Rose forced Hendrix at pistol point to show him the whiskey nearby; and there were two men out there, one of whom was Scott according to Hendrix, who knew him. The jury had a right to find that the other man on the outside was appellant Ballow, especially since he heard a voice that sounded like the one that was in the house, which was Ballow. Hendrix identified Ballow as one of the two who first entered the home.

In this case, Mack Wood testified for the defense. He admitted that he had been in the liquor business for some years; that Donald Hendrix owed him $618 for liquor purchased in 1951; that he, in company with Ballow, Scott, and Rose, went to the home of Donald Hendrix about dusk on the evening of June 17, 1953 (which was the eve of the robbery shortly after 2:00 A. M., June 18); that they went in the house and got a drink; that Donald Hendrix promised to meet him the next night at the Town Creek Bridge, at which time Hendrix was to deliver to Wood 150 gallons of whiskey valued at $4.00 per gallon; that Hendrix let Wood hold four guns as security. Wood further testified that he and the others with him then left and later wrecked a car, leaving it at a

service station in Nettleton on the night of June 17; that they hired a conveyance to Columbus, where they all spent the night; that they got together the next day, June 18, and that night they went to the Town Creek Bridge to meet Hendrix, who did not show up; that they were on their way home when arrested in the early morning of June 19. Wood denied that he, Ballow, Scott and Rose, or either of them, were at the Hendrix home at the time of the commission of the alleged crime. On rebuttal, Hendrix denied that Wood and the others came to his home the evening before the crime.

The only assignment of error which we deem it necessary to discuss is the first, which is: Before the acts and declarations of another or others can be given in evidence to charge the accused, a foundation must first be laid to establish prima facie the existence of a conspiracy or illegal combination. Appellant contends that the fact that Ballow and Rose came into the Hendrix home first and stayed some fifteen minutes discussing a liquor deal, after which Ballow left the house, was not sufficient to establish prima facie that a conspiracy existed to commit armed robbery, and that Donald Hendrix and his wife should not have been allowed to testify to the acts and declarations of Rose and Wood in the commission of the crime, because the proper foundation had not been laid. Appellant relies on the case of Browning v. State, 30 Miss. 656, but that case is not in point to the facts in the instant case. It appears from the opinion in that case that many of the acts and declarations of the elder Browning were done and made after the perpetration of the alleged offense.

In the case of Carr v. State, 175 Miss. 102, 166 So. 363, we quoted with approval the following language from 12 Cyc., page 437, as follows: "The declarations and acts of any participant in a crime, present at its commission, are competent against all then present. It is sometimes intimated that declarations uttered under such circum-

stances are received against the accused as the statement of a co-conspirator; but the true rule is that these declarations by one are admissible against all, under the rule in relation to res gestae.''

The fact that part of the crime in the case before us was committed in the house and part outside does not make inapplicable the rule quoted.

Appellant also cites Jones v. State, 189 Miss. 533, 198 So. 555, which is not in point. There the threats made by Curtis Jones that he was going to kill the deceased were made at a time when the accused, Carl Jones, was not present and not as a part of the res gestae. In fact, Carl Jones was then at the preacher's house trying to get the difficulty settled.

The jury was justified in finding that all four defendants were participants in the crime, part of which was committed in the house and part outside, and that all of the acts and declarations of all the parties from the time they arrived at the Hendrix home until the crime was consummated were admissible as a part of the res gestae.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.