Rose *v.* State.

No. 39248 January 10, 1955 76 So. 2d 835

700

*Richard B. Booth,* Aberdeen, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

Earnest Rose, the appellant, and Mack Wood, Robert Smith Ballow and W. R. Scott were jointly indicted for the armed robbery of Donald Hendrix. A severance was granted, and Wood, Ballow and Rose were all convicted in separate trials at the October 1953 term of the Circuit Court of Monroe County, Mississippi. Wood and Ballow appealed to this Court and their convictions were

affirmed October 18, 1954. Wood v. State, 221 Miss. 901, 74 So. 2d 851; Ballow v. State, 221 Miss. 776, 74 So. 2d 854. Rose, upon conviction, was sentenced to the state penitentiary for a term of twenty-five years, and this is his appeal to this Court.

It is not necessary for us to detail the testimony given in the trial of Rose for the reasons, first, that it is substantially the same, except as hereinafter noted, as that stated in the opinions in the Wood and Ballow cases, and, second, the questions raised on this appeal do not require a detailed statement of the testimony given on the trial of the case.

█ ██ However, the evidence in the case at bar differs in two respects from that adduced on the trials of Wood and Ballow. In this case one witness testified that he knew the general reputation of Donald Hendrix, the prosecuting witness, for truth and veracity and it was bad and he would not believe Hendrix on oath, and William O. Pegram, who was a resident citizen of Memphis, Tennessee, testified to extensive sales of whiskey by him to Wood and Scott in north Mississippi. This testimony in no way changes the result in this case. While as stated, one witness said he would not believe Hendrix on oath, three other witnesses said his reputation for truth and veracity was good and they would believe him. That simply made the veracity of Hendrix an issue for the jury. The testimony of Pegram showed he was a large liquor dealer in Memphis, and that, over a considerable period of time, he had sold much whiskey in north Mississippi to Wood and Scott, which testimony had little, if any, bearing upon whether or not Rose was guilty of armed robbery of Hendrix.

██ █ On the night after the robbery officers stopped an automobile which was being driven by Ballow and in which Woods, Scott and Rose were also riding. In the car the officers found pistols and a rope which the evidence shows was used in the robbery. Proof was made of that on the trial of this appellant. Rose says it was

error to make that proof because the officer had no warrant to search the car. The contention is not well taken. In addition to the fact that the automobile was exceeding the speed limit, in the presence of the officers, it is shown that Rose did not own, or claim to own, the automobile, nor did he claim to be in possession thereof, rightfully or otherwise. The car was being driven by Ballow, and Rose was on the back seat. It was licensed in the name of a Mrs. Stevens. To be in position to complain of an illegal search one must either be the owner or in the rightful possession of the property searched. Lee v. City of Oxford, 134 Miss. 647, 99 So. 509; Lucas v. City of Oxford, 134 Miss. 771, 99 So. 510; Ross v. State, 140 Miss. 367, 105 So. 846; Polk v. State, 167 Miss. 506, 142 So. 480; McLemore v. State, 178 Miss. 525, 172 So. 139; Brown v. State, 192 Miss. 314, 5 So. 2d 426; Smith v. State, 198 Miss. 788, 24 So. 2d 85; Harris v. State, 216 Miss. 895, 63 So. 2d 396; Brooks v. State (Miss.), 52 So. 2d 609. The Brooks case involved property taken from an automobile not owned, or in the rightful possession, of the accused.

In the cross-examination of Mack Wood, coindictee of appellant, the State by its questions, undertook to show that Pegram, Wood and Scott had endeavored to "take over" the whiskey business in north Mississippi. The learned trial judge permitted the questions to be asked at that stage to show the interest of the witness as one associated with and actively engaged in the whiskey business in which it was claimed appellant was also engaged. The trial judge anticipated the State would introduce proof contradicting the denial of Wood that he and the others were so engaged. However, that proof was not made. The court then sustained a motion of defendant to exclude the testimony on that question. Defendant made motion for mistrial, which the court overruled. That was at the close of the trial. We do not think refusal to grant a new trial was reversible error. A part of the property (if it may be so called)

taken as a result of the robbery was whiskey; also it is shown that Wood, Ballow, Scott, and the witness Pegram were all interested in the whiskey business in North Mississippi. The testimony did have some bearing upon the interest of Wood. However, the court excluded the questions and answers and instructed the jury to disregard them. Refusal to grant a new trial was not error.

 Rose requested, but was refused, an instruction telling the jury that the fact that the defendant did not testify was "not to be considered unfavorable to him by the jury in the trial of the case." Appellant says the refusal to grant that instruction was reversible error. The same instruction was refused in the Wood case, supra. This Court said the instruction should have been granted but its refusal was not harmful so as to require a reversal of the case. Since practically the same factual situation existed in the Wood case as exists in the case at bar the refusal to grant the instruction in the case at bar is not reversible error.

 Rose requested, and was refused, an instruction telling the jurors they could not convict him "* * * unless the evidence for the State is so strong, clear and convincing as to exclude every reasonable probability of defendant's innocence." The court properly might have granted this instruction, although it is strongly worded and more applicable to circumstantial than direct testimony, but it was not error to refuse it in this case for the reason defendant was granted a number of instructions informing the jury they could not convict the defendant until and unless they believed from the evidence and circumstances he was guilty beyond every reasonable doubt and to a moral certainty, and especially in view of the fact he obtained an instruction to the effect that "if the jury can deduce from the facts and circumstances surrounding the case, either from evidence or lack of evidence, any reasonable theory consistent with the innocence of the de-

fendant, then there is a reasonable doubt of his guilt, and the jury should return a verdict of 'not guilty.' "

Defendant requested, but was refused, an instruction telling the jury the defendant was a competent witness in his own behalf, and the jury had no right to disregard his testimony simply because he was a defendant. Refusal of that instruction was not error for the reason the defendant did not testify.

Defendant requested an instruction announcing the presumption of innocence principle and that such presumption was a witness for defendant throughout the trial, which instruction was, in substance, the same as that refused in Lott v. State, 204 Miss. at page 627. This Court, in that case, said the refusal to grant the instruction was not error. That is especially true in the case at bar, since defendant obtained instructions covering every phase of his defense.

We find no reversible error in this record and the verdict and judgment should be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.